By the Court:
 

 The plaintiff’s numerous complaints may be outlined by stating that he claims these statutes are in conflict with Sections 1 and 19 of Article I, Sections 1 and 26 of Article II, Section 1 of Article IY, Section 1 of Article XIII, and Section 1 of Article XIX of the Constitution of Ohio; also Sections 8, 9 and 10 of Article I, Section 4 of Article IV, and Clause 2 of Article VI of the Constitution of the United States; and also Articles Y, XIY and XXI of the Amendments to the Constitution of the United States.
 

 Extended discussion is unnecessary inasmuch as most of the contentions of the plaintiff require merely a recital and reapplication of the fundamental and decisive pronouncements already made by this court in the following four cases involving certain provisions of these statutes. In the plaintiff’s briefs none of the four is discussed and only one is mentioned.
 

 Contrary to the present contentions of the plaintiff, this court in the first paragraph of the syllabus in the case of
 
 State, ex rel. Wetterstroem,
 
 v.
 
 Department of Liquor Control,
 
 129 Ohio St., 185, 194 N. E., 372, held that “The Liquor Control Act, Section 6064-1
 
 et seq.,
 
 G-eneral Code, is a special, all-inclusive act controlling traffic in intoxicating liquors * # Later in the case of
 
 State, ex rel. Zugravu,
 
 v.
 
 O’Brien,
 
 130 Ohio St., 23,
 
 *253
 
 196 N. E., 664, the following three paragraphs appear in the syllabus:
 

 “1. Within constitutional limitations, the General Assembly may, in the exercise of the police power, limit or restrict, by regulatory measures, the traffic in intoxicating liquors.
 

 “2.
 
 Permits to carry on the liquor business which are issued under the provisions of the Liquor Control Act are mere licenses, revocable as therein provided, and create no contract or property right.
 

 “3. Where authority to revoke such a permit is conferred upon an executive or administrative officer by legislative enactment with right of appeal to an administrative board, and with provision therein for giving notice to permittee, and for adequate hearing and the summoning of witnesses both before such officer and reviewing board, but without provision for recourse to the courts by appeal or error, such legislation does not amount to a denial of due process of law under the state or federal Constitution.”
 

 Still later in the case of
 
 State, ex rel. Superior Distributing Co.,
 
 v.
 
 Davis,
 
 132 Ohio St., 308, 7 N. E. (2d), 652, the following pronouncements were made in the first six paragraphs of the syllabus:
 

 “1. The Ohio Liquor Control Act is a measure designed to regulate and control the traffic in beer and other intoxicating beverages and, to effectuate that purpose, it excludes from engaging in such traffic all persons except those to whom licenses are issued by the Department of Liquor Control pursuant to and under the authority conferred by the law.
 

 ‘ ‘ 2. The state may either entirely prohibit importations of intoxicating liquors, or it may discourage or limit such importation by laying a heavy impost.
 

 “3. By reason of the provisions of the Twenty-first Amendment of the Constitution of the United States prohibiting the importation of intoxicating liquors into a state in violation of its laws, the exaction of a license
 
 *254
 
 fee by a state for tbe privilege of importing beer cannot be held violative of tbe commerce clause of tbe Constitution of the United States.
 

 “4.
 
 Statutory provisions and regulations authorized thereby which prphibit or limit the importation of intoxicating liquors, or levy a license fee or tax thereon in excess of that imposed upon liquors manufactured in Ohio, are not violative of the equal protection clause of the federal Constitution, or of Section 2 of Article I of the state Constitution. A classification recognized by the Twenty-first Amendment cannot be deemed forbidden by the Fourteenth Amendment.
 

 “5. Section 6064-67, General Code, authorizing the levy and collection of additional taxes, fees and charges on the products of manufacturers of wines or manufacturers or brewers of beer and other malt liquors manufactured in another state and shipped into this state, in the same proportion or in the same amount as taxes, fees and charges levied and collected in such other state upon or against the products of Ohio manufacturers of wines or manufacturers or brewers are in excess of those levied and collected on the products of manufacturers and brewers of such other state, constitutes a valid exercise of the police power of the state of Ohio under the Twenty-first Amendment of the Constitution of the United States.
 

 “6. The provisions of Section 6064-67, General Code, and regulations of the Tax Commission of Ohio adopted pursuant to authority therein conferred, do not constitute a delegation of legislative power and are not violative of Section 1 of Article II, or Section 5 of Article XII, of the state Constitution. ’ ’
 

 In support of paragraph four of the foregoing syllabus, see
 
 State Bd. of Equalization of California
 
 v.
 
 Young’s Market Co.,
 
 299 U. S., 59, 81 L. Ed., 38.
 

 And finally in the case of
 
 Coady
 
 v.
 
 Leonard,
 
 132 Ohio St., 329, 7 N. E. (2d), 649, the following two paragraphs appear in the syllabus:
 

 
 *255
 
 “1. Paragraph ‘(f)’ of Section 6064-3, General Code, which gives the Board of Liquor Control power to adopt and promulgate ‘rules and regulations governing all- advertising with reference to the sale of beer and intoxicating liquor throughout the state,’ confers only administrative power on the Board of Liquor Control and is not violative of Section 1
 
 pi
 
 Article II of the Constitution of the state of Ohio, as a delegation of legislative power.
 

 “2. A regulation adopted and promulgated by the Board of Liquor Control, which forbids to holders of retail permits the use of all outside signs advertising a particular brand of beer or intoxicating liquor, and which forbids window display advertising the name of a brand, is a valid and reasonable regulation, is not discriminatory, and is within the power to make subordinate rules and regulations as to advertising, conferred by paragraph ‘(f)’ of Section 6064-3, General Code.”
 

 To substantiate his contention that the questioned statutes constitute a special act conferring corporate powers‘upon the Department of Liquor Control, the plaintiff relies upon the decisions of the Supreme Court of the United States in the cases of
 
 State of Ohio v. Helvering, Commr.,
 
 292 U. S., 360, 78 L. Ed., 1307, 54 S. Ct., 725, and
 
 South Carolina
 
 v.
 
 United States,
 
 199 U. S., 437, 50 L. Ed., 261, 26 S. Ct., 110. A study of these decisions shows that this question was neither decided nor even considered. The court held simply that when a state conducts a business in the form of a liquor monopoly it divests itself of its
 
 quasi
 
 sovereignty so far as the taxing power of the federal government is concerned. The decisions intimate no such theory as the formation of a separate corporate entity not a part of the governmental structure of the state, as insisted by the plaintiff. Neither did the court indulge in any statement even remotely tending to support the plaintiff’s theory that the establishment
 
 *256
 
 of a state liquor monopoly is tantamount to the creation of a communistic form of government. See
 
 Allen
 
 v.
 
 Regents of University System of Georgia,
 
 304 U. S., 439, 82 L. Ed., 975, 981, 58 S. Ct., 980.
 

 "Without unduly extending this
 
 per curiam
 
 opinion two more of the plaintiff’s contentions' can be dismissed with a word of comment. The first is the claimed violation of Article XIX of the Constitution of Ohio. The obvious answer to this is that the Constitution of Ohio does not contain nineteen articles. The question as to the Fifth Amendment to the Constitution of the United States can be disposed of with equal facility. As was observed by Mr. Justice White in the case of
 
 Capital City Dairy Co.
 
 v. Ohio, 183 U. S., 238, 46 L. Ed., 171, 22 S. Ct., 120, “The contention that the statutes in question violate the Fifth Amendment to the Constitution of the United States need not be dwelt upon, as it is elementary that that amendment operates solely on the National Government and not on the States.”
 

 This court is unanimously of the opinion that the questioned statutes are unconstitutional in none of the numerous respects claimed by the plaintiff. The Court of Common Pleas was correct in holding that the facts alleged in the petition are insufficient to show a cause of action. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.