**KHOURY, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4205.   Decided October 4, 1948.

Halle, Haber, Berick and McNulty, Edwin Knachel, of Counsel, Cleveland, for appellant.

Hugh S. Jenkins, Atty. Genl., Charles G. Schnur, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By THE COURT:

This is an appeal from a judgment of the Common Pleas Court affirming the action of the Board of Liquor Control in revoking the Class D-5 permit of the appellant. The judgment entry recites that the appeal was heard on law and fact and reflects the judgment of the Common Pleas Court independent of the Board. The appeal to this Court is noted as upon questions of law and fact. The stipulation is,

"That the record of testimony before the Board of Liquor Control in this case is a true bill of exceptions for review by the Court of Appeals."

The appeal may properly be considered in this Court on questions of law only.

The charges preferred by the Director of the Department of Liquor Control and upon which the Board of Liquor Control acted by revoking appellant's permit are:

"That on January 3, 1948 and on January 20, 1948, you did operate and maintain your said premises in a disorderly manner, in that on said dates you did maintain and permit lewd and indecent entertainment on said premises, contrary to public health, decency and sobriety; that on January 20, 1948 you did operate, conduct and carry on the business authorized by your said permit, at a place other than that named therein without the approval of the Department of Liquor Control, as provided by law—in violation of the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control."

Without extended discussion we are of opinion that the second branch of the charge constitutes, at the most, a technical violation only of any provision of the Liquor Control Act and it is not shown that it is a violation of any specific regulation of the Board.

Upon the claim that the appellant maintained and permitted lewd and indecent entertainment on the permit premises contrary to public health, decency and sobriety, it appears that for about a year prior to the issuance of the citation against appellant. some thirteen licensed night club operators in Cleveland had been conducting in their places of business what is known as strip tease dances. Some six months after

the other operators had been carrying on this type of performance, the appellant built runways between two of his bars in his place of business and instituted continuous performances of strip tease shows. These were the usual and common acts associated with such shows. The girls, fully clothed, came on to a runway which was about four feet wide, walked or danced in front of the patrons who were seated at a distance from two to four feet from them. Progressively, the girls would disrobe and accompany these acts with muscular movements of various parts of the body, highly suggestive. The witnesses for and against the appellant did not differ materially in their descriptions of the performance but they were permitted to express their opinions whether or not it was lewd or suggested the sexual act and upon these questions they differed materially.

At the outset, we are upon this review required to say that the Board and the Trial Judge who reviewed its finding were well within their prerogative in holding that the performances under consideration were lewd and indecent. We certainly reach the same conclusion. Much has been said to the effect that the nature of the performance was no different from that which is regularly displayed at reputable theaters, burlesque houses and movies. This may be true, although, as one witness put it, the performance here under consideration probably went a little further. It is also suggested that even though such performances were tolerated in other places of amusement, they would be highly improper and inappropriate in places where liquor is dispensed and especially when conducted in such proximity to the patrons. We agree heartily with this observation and concede that it is well within the discretion of the Liquor Department to issue regulations or make known a policy against this type of entertainment in night clubs whether lewd or not. However, the primary question here is, did the appellant conduct indecent performances, that being the charge.

The acts complained of under the evidence were in that class of performances which are on the border line in public acceptance and although the Board had the right to hold that they were indecent this did not stamp them as illegal under the Code and the fact that the Cleveland police made no attempt whatever upon many investigations to prefer charges against the operators, and further, that they permit that type of entertainment to be carried on in various places in the city of Cleveland, discloses a sharp difference of official opinion as to the character of this type of performance.

It further developed that the appellant, upon the visits of the policemen and a police woman to his place of business,

told them that he was ready at all times to correct the performance if it was improper. Not only was the place regularly inspected by the Cleveland police but it is testified, and uncontradicted, that at least six times in as many months during the operations of the shows inspectors and investigators from the Liquor Department visited the night club of appellant and observed the performances.

It may properly be said that the appellant could not rely upon the action of the city police as the approval of the Liquor Department of his conduct of the night club. But he did have the right to expect that if the type of entertainment was objectionable or contrary to the policy of the Department that upon some of these visits that fact would have been made known to him. Finally, after an investigation of the night club and the show made by a representative of the Director of Liquor Control and police officers on the night of January 20th, 1948, the appellant was requested to meet with the officers and at that time he was told by a Mr. Gable purporting to speak for the Director, that if he did not remove his runways he would be cited. It is only fair to say that by implication appellant was led by the former Director to believe that if he did remove the runways he would not be cited. No explanation whatever is made by the Director or any of the investigators of the Department of their attitude toward these performances during the six months that they were being carried on. If the appellant misrepresented, misstated the facts or if they were inconsistent with the known policy of the department, it was incumbent on the Director to have carried this evidence into the record.

Acting upon the suggestion of the Director that the runways be removed, appellant took immediate steps to comply and did remove the runways. There is no suggestion that the performances were carried on at any time after the warning.

At the conclusion of the hearing before the Liquor Board one of its members made the observation that "This Board presented its views in no uncertain terms about a year ago that where anything that tended to indecency or in any way was sexy, would not be tolerated in connection with permit holder's place of business. Six months ago they reiterated that same statement" and continued at considerable length with this trend of statement. Unfortunately, none of this policy was brought to the attention of the permit holder either by written communication, rule of the Board by the Director, or through any of the investigators on their numerous visits to his place of business.

We can only draw inferences from the facts which are brought upon the record and from this source it must be

concluded that the policy of the Department announced by one of the members of its Board was never transmitted in any form whatever to the permit holder here. This cannot be the intent of the Liquor Control Act.

The controlling section, §6064-25 GC, gives authority to the Board of Liquor Control to suspend or revoke a permit for the violation of "any of the applicable restrictions of this act or of any lawful rule or regulation of the Board or other sufficient cause, and for the following causes," five of which are enumerated.

The only basis for the revocation of the permit is found in the phrase "other sufficient cause". Manifestly, sufficient cause must be considered in the light of all of the factual development and what would be sufficient cause if urged upon the first offense, or after warning, might be entirely insufficient if a permit holder is by the conduct of the representatives of the Department led to believe that certain practices in which he is indulging are not objectionable.

It is our judgment that although it cannot be said that the appellant should not have been cited at all, the penalty, revocation of permit, attached to the finding that he had violated the Liquor Control Act, was, under all the circumstances, too severe. A permit holder who has invested heavily in his place of business and has built up good will, although he has no vested right to retain a permit, is entitled to a policy from the Liquor Department upon which he can rely and it should at all times be fair to him.

Neither charge here is, in our judgment, under the facts appearing of sufficient consequence to support the revocation of appellant's permit. The judgment will be reversed in accord with this opinion.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.