HOWELL ET AL., APPELLANTS, *v.* BRYANT ET AL., APPELLEES.

(No. 4936—Decided March 15, 1954.)

*Messrs. Hartman, Wynn & Carter* and *Messrs. Coughlin, Ogier & Lloyd,* for appellants.

*Mr. C. William O'Neill,* attorney general, and *Mr. Larry H. Snyder,* for appellees.

Wiseman, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, sustaining a demurrer to the petition of plaintiffs.

The plaintiffs, appellants herein, assign as error the order sustaining the demurrer, dissolving the temporary injunction, and dismissing the petition. The claims of plaintiffs are set forth in their petition, from which we quote at length:

"The plaintiffs, Walter Howell and Helen Howell, hereinafter referred to as permittees, say that they are partners owning and operating a tavern authorized to sell intoxicating beverages at McDonald, Ohio, and known as the Silver Fox Tavern, hereinafter referred to as premises, under permit No. 15493, class D-5 issued by the Ohio Liquor Control Board; that they are citizens of the United States of America and the state of Ohio; that on said premises covered by said permit No. 15493, class D-5, which permit is owned by them jointly, duly issued and authorized by the Liquor Control Board of the state of Ohio, these said permittees in addition to being engaged in the lawful business of selling intoxicating liquors as authorized by said permit are engaged in other lawful retail sales of other articles or commodities on the premises; that the permittees on said premises are engaged in the lawful business of selling, at retail, rubber or latex prophylactics, hereinafter referred to as prophylactics, by and through the medium of a coin operated vending machine, which said vending machine is located in the men's wash or restroom on said premises; that prophylactics dispensed by said vending machine are encased in an original unbroken cellophane wrapped package containing two prophylactics as prepared by the manufacturer thereof, and are dispensed by said vending machine in said original packages to customers upon the deposit by the customer, or purchaser, of twenty-five cents for each package in the vending machine; that legibly printed on the exterior of the vending machine and on each individual package of prophylactics is the language "Sold for the prevention of disease only"; that said permittees sell said prophylactics with intent that the said customers or purchasers use them only for the prevention of venereal disease and for no other purpose.

"In this action the permittees, Walter Howell and Helen

Howell, doing business as Silver Fox Tavern, sue on their own behalf and as representatives of others similarly engaged and situated who operate taverns or premises and are affected as are permittees by the directives and/or orders of the Ohio Liquor Control Board here in issue and more fully hereinafter set out.

"That said permittees, have for a long period of time immediately prior to and including September 5, 1951, at all times since said last mentioned date and now, have operated said premises and said retail sale of prophylactics in and on said premises, as herein set out, and now so do; that said lawful business of so selling prophylactics on the premises is conducted for monetary profit and is a profitable business.

"That the said Walter Howell, in his individual capacity hereinafter referred to as vendor, for a long period of time immediately prior to September 5, 1951, on that date, at all times since, at all times mentioned herein and now, did and does operate a lawful business commonly known as the vending machine business, and hereinafter referred to as vending machine business; that in said vending machine business, the vendor does own numerous vending machines designed and adapted for the specific purpose of vending through the medium thereof, prophylactics of the kind and nature and by the mechanics as described hereinbefore, which vending machines are not and cannot be adapted for any other purpose.

"That the said vendor in his said vending machine business owns and uses and locates, and now has located and at all times mentioned herein had located such vending machines for the purpose aforesaid of vending prophylactics at the places of business owned and operated by those who sell and dispense intoxicating liquors or beverages under permits or licenses issued by and required by the Ohio Liquor Control Department; said vendor has placed, and has now in operation in numerous said liquor permit premises throughout the state of Ohio said types of vending machines under contracts with the holders of such liquor licenses or permits issued by the Ohio Liquor Control Department, by virtue of which there is a division of receipts made between said vendor, and the permit holder on or in whose premises the vending machine is operated, or located;

that the vendor has an investment of approximately $5,000 in said vending machines and prophylactics, and said vending machines and prophylactics are reasonably worth $5,000; for the promotion of vendor's said vending machine business, it has been necessary for him to, and he did, spend considerable time, effort and money in establishing same; that said vending machines are of special design and kind, and adapted and useful only for the dispensing of prophylactics, as aforesaid, and are incapable of any other practical use; and the said vendor sues on his own behalf and as representative of others similarly engaged and situated in the vending machine business and affected by the orders or directives of the Ohio Liquor Control Board as is vendor, as will be more fully hereinafter set out.''

Plaintiffs allege further that in the operation of their business they have complied with the laws of the state of Ohio, including the rules and regulations of the Department of Liquor Control; that they have not participated directly or indirectly in the proceeds or profits from the sale of any article intended for the prevention of conception, as described in the directives hereinafter set forth; and that each of the defendants threaten to and will attempt to enforce the provisions of the directives hereinafter set forth against the lawful businesses of the plaintiffs, permittees and vendors, and all others similarly situated, unless restrained from so doing.

Plaintiffs allege that on September 5, 1951, the chief of the enforcement division of the Board of Liquor Control, acting with the knowledge of the Director of the Department of Liquor Control and the other defendants named herein, issued a directive to the investigators in charge and field inspection supervisors on the subject, ''contraceptive machines,'' as follows:

''The central enforcement office has received information that a number of permit premises are exhibiting machines which sell 'contraceptives.'

''As a matter of general public policy, and in the interest of maintaining decency and good order on permit premises, it shall be the policy of the enforcement division to order such machines out of permit premises and a report of such order submitted to the central enforcement office.

''In those cases in which the permit holder refuses to co-

operate with the enforcement division in removing contraceptive machines from his premises, a citation should be filed under the charge 'other sufficient cause' to wit, 'failure to maintain decency and good order on permit premises.' "

Plaintiffs allege further that on November 14, 1951, the chief of the enforcement division of the Board of Liquor Control issued a further directive to the investigators in charge and field inspection supervisors on the subject, "contraceptive vending machines," as follows:

"The determination of the legality of the order issued in bulletin No. 16 on September 5, 1951, has been determined.

"It is hereby ordered that bulletin No. 16, relative to the immediate removal of contraceptive vending machines from permit premises, be put into effect.

"The refusal or neglect of a permit holder to remove the contraceptive vending machines immediately is grounds for a citation. The citation should include the charge of 'other sufficient causes' and a charge under G. C. 13035," which makes it a penal offense to sell an article "intended for the prevention of conception."

Plaintiffs allege further that the prophylactics are sold only for the prevention of venereal disease and are not contraceptives or contraceptive devices, and are not sold with the intention that they be used as contraceptive devices; that defendants arbitrarily, capriciously and without right or sanction of law, claim that such prophylactics are contraceptives *per se,* without regard to plaintiffs' intent; and that acting upon such interpretation, the defendants construe the word, "contraceptive," as used in the above directives and in Section 13035, General Code, to include prophylactics as lawfully dispensed in vending machines of plaintiffs.

Plaintiffs allege further that the threatened action of defendants is unlawful, unconstitutional, and void, and such action of defendants will result in irreparable injury to plaintiffs, for which they have no adequate remedy at law. Plaintiffs allege that no rules or regulations have been promulgated by the Board of Liquor Control, as contemplated by the Liquor Control Act (Section 6064-3, General Code), to classify the prophylactics sold by the plaintiffs as contraceptives or indecent,

and that there are no laws construing the sale of such prophylactics as contraceptives or indecent articles, or in violation of the public policy of the state of Ohio; that the directives were issued by the chief enforcement officer in violation of the provision of the Administrative Procedure Act (Section 154-63, General Code) and the Liquor Control Act (Section 6064-3, General Code); that such directives are illegal in that they constitute class legislation and do not have uniform operation, prohibiting the sale only through vending machines, and do not prohibit sale on permit premises by other means, sources or methods, and therefore constitute a violation of Section 1, Article I of the Constitution of Ohio, in that they deny plaintiffs the right to enjoy, acquire and possess lawful property, and Section 26, Article II of the Constitution of Ohio, in that they are not general in nature and do not have a uniform operation throughout the state, and Section 1 of the Fourteenth Amendment to the United States Constitution, in that they deny plaintiffs due process of law.

We have quoted at length from the petition, which in itself states clearly the multitudinous legal questions raised by the appellants. It will be observed that the appellant Walter Howell petitions the court not only as a holder of a class D-5 (night club) permit, but also as the owner of the vending machines. We fail to find a good cause of action stated by the appellant Walter Howell as owner of the vending machines. On this phase of the case the contention of Walter Howell seems to be that if the department suspends or revokes the permit of the permittee he, as owner of the vending machines, would lose one outlet for the conduct of such business and would be required to search for another. The permit may be suspended or revoked for any one of a number of reasons, with the same consequence resulting to the owner of the vending machines. If this set of facts is sufficient to require the court to act, any person or corporation whose liquor is sold on the premises, any food manufacturer whose food products are served to patrons, any employee of the permittee, and others, would have an equal standing in court. The business of dispensing prophylactics by the use of vending machines bears no relation whatever to the conduct of the night club business as authorized by a class

D-5 permit. The exclusion of the vending machines will not affect the conduct of a night club as contemplated by the license issued. No legal grounds exist for the exercise of the equitable jurisdiction of the court in favor of the owner of the vending machines.

With respect to the permittee a different situation exists. The issue here must be resolved on the basis of the authority of the Department of Liquor Control and the Board of Liquor Control. As we view it, the question presented may be stated as follows: May a permit holder permanently enjoin the Department of Liquor Control, the Board of Liquor Control, and the chief of the enforcement division, from issuing a citation against the permittee to show cause why his permit should not be suspended or revoked on the ground that the permittee is conducting on the premises, independently and without specific permission, a business or engaging in any acts which the Department of Liquor Control considers "a failure to maintain decency and good order on the permit premises," and "other sufficient cause" for suspension or revocation of the permit?

It is stated in the directive that the citation should include the charge of "other sufficient causes," and a charge under Section 13035, General Code. The directive, which incidentally is only an inter-department written instruction to investigators and field inspection supervisors, states such acts are grounds for a citation. There is no allegation in the petition that the defendants, jointly or either of them, have notified the Howells or any other permittees to remove the vending machines, or have informed the Howells or any other permittees that if such machines were not removed, a citation will be issued against them. Unless there is a showing of a reasonable apprehension of injury, the occurrence of which is imminent, equity will not interfere. 16 Ohio Jurisprudence, 47, Section 18. On this ground alone we question whether the equity powers of the court may be invoked.

Whether the Howells, as holders of a class D-5 permit, may be entitled to relief must be approached from the viewpoint of the authority and powers of the Department of Liquor Control and the Board of Liquor Control. Under paragraph 1 (c) of Section 6064-3, General Code, the Board of Liquor Control is granted the power to promulgate:

"Rules, regulations, and orders providing in detail for the conduct of any retail business authorized under permits issued pursuant to the Liquor Control Act and amendments thereof, with a view to insuring compliance with the provisions of said act and amendments thereof and laws relative thereto, and the maintenance of public decency, sobriety, and good order in any place licensed under such permits."

It is conceded that the Board of Liquor Control has not promulgated any "rules, regulations, and orders providing in detail for the conduct" of any retail business with respect to the dispensing of prophylactics. In paragraph 1 (k) of Section 6064-3, General Code, it is provided:

"The Board of Liquor Control shall be governed by the provisions of the Administrative Procedure Act (Sections 154-61 to 154-74, General Code) in adopting, repealing, amending or rescinding rules, regulations and orders relating to the issuance, suspension, revocation and cancellation of permits and to the conduct of hearings and reviews thereon."

The appellants contend that under this section the department is not permitted to issue a citation against the permittees on the grounds alleged unless there has first been a rule, regulation or an order adopted by the board in conformity to the provisions of the Liquor Control Act and the Administrative Procedure Act. We do not agree. The provisions of the section quoted above refer to the procedure to be followed in adopting rules, regulations and orders, and do not require the Board of Liquor Control to set out in detail a list of crimes, offenses or acts of misconduct of a permittee, the violation of which would furnish grounds for suspension or revocation. There is no provision in the Administrative Procedure Act (Section 154-61 to Section 154-74, General Code; Section 119.01 to Section 119.13, Revised Code), or the Liquor Control Act (Section 6064-1 *et seq.*, General Code; Section 4301.01 *et seq.*, Revised Code) which requires the Department of Liquor Control or the Board of Liquor Control to anticipate in advance and list by way of rules, regulations or orders the manifold reasons which may give rise to the issuance of a citation to show cause why the permit should not be suspended or revoked. The impracticability of such a measure is a sufficient reason why there is no such

requirement. The statute controlling the matter of suspension or revocation confers a wide discretion upon the Board of Liquor Control (Section 6064-25, General Code; Section 4301.25, Revised Code) in suspending or revoking a permit. This section, in part, provides:

"The Board of Liquor Control may suspend or revoke any permit issued pursuant to the Liquor Control Act for the violation of any of the applicable restrictions of this act or of any lawful rule or regulation of the board or other sufficient cause, and for the following causes: * * *." (The specific causes set out are not applicable to the issues presented.)

Section 6064-26, General Code (Section 4301.27, Revised Code), provides:

"The Board of Liquor Control may act in the revocation or cancellation of any permit on its own initiative or on complaint of the department or of any person, after a hearing at which the holder shall be given an opportunity to be heard in such manner and upon such notice as may be prescribed by the rules and regulations of the Board of Liquor Control."

In the instant case it is alleged that the department has issued the directive, and will initiate the complaint. The procedural steps thus far taken, and which the plaintiffs allege the department will take, are authorized by this statute. If a citation is issued against any permittee by the Department of Liquor Control, a hearing is accorded the permittee as provided by the rules and regulations of the Board of Liquor Control. From any action of the Board of Liquor Control suspending or revoking the permit an appeal may be taken to the Common Pleas Court of Franklin County (Section 154-73, General Code; Section 119.12, Revised Code), and its judgment may be reviewed by this court. At the hearing the plaintiffs are assured the opportunity to present evidence in support of their contention that the article dispensed in such vending machines is "sold for the prevention of disease only." Likewise, the department may present evidence to support its contention that the primary purpose of the machines is to sell "contraceptives." At this hearing "realism" will prevail over "theory" or "good intentions." At this hearing, and upon the evidence adduced, the question posed will be whether the permit premises are

being used as a base of operation for the sale of an article which is calculated to have a demoralizing effect on the youth, or any person who may frequent the permit premises and make such purchases; whether the article is not purposely designed and adapted so that it may or can be used as a contraceptive; or whether, as claimed by plaintiffs, it is designed and sold and intended to be primarily a preventive of venereal disease.

Counsel for plaintiffs contend that the intention of the vendor controls; that the intention of the vendor in the instant case is to dispense the article solely for the purpose of the prevention of venereal disease; and that the plaintiffs are engaged solely in an effort to support the health authorities in the prevention of disease. The plaintiffs contend that the intentions of the vendor control, and that if the intention of the vendor is lawful in that the sale is intended to be made only for worthy and beneficial purposes, the control of the situation lies beyond the authority of the Department of Liquor Control.

In support of this contention counsel cite *Davis* v. *United States* (C. C. A. 6, 1933), 62 F. (2d), 473. In that case Davis and others were jointly convicted under each of two separate indictments, one charging the deposit in the mails of nonmailable matter, and the other charging the deposit with an express company for carriage in interstate commerce of matter adapted and intended for the prevention of conception. Federal Criminal Code Section 211 (Title 18, Section 334, U. S. Code), provides in part that every article or thing "designed, adapted, or intended for preventing conception * * * is hereby declared to be nonmailable matter, and shall not be conveyed in the mails nor delivered from any post office or by any letter carrier." The court, as disclosed by the headnotes, held:

"3. Intent of person mailing circular conveying information for preventing conception that article should be used for condemned purposes *held* necessary to conviction.

"* * *

"5. Excluding evidence showing absence of intent that article or thing described in circular deposited in mails should be used for unlawful purposes to prevent conception *held* error."

The *Davis case* was a criminal case, and the unlawful intent of the defendants, the vendors or senders, was an element

in the crime charged. On this issue, the intent of the vendee was immaterial and of no consequence. The court in that case applied a well-established principle of criminal law. That case has no application to the issue presented here.

We revert to a consideration of the authority of the Department of Liquor Control and the Board of Liquor Control. Section 6064-25, General Code (Section 4301.25, Revised Code), provides:

"The Board of Liquor Control may suspend or revoke any permit * * * for the violation of any of the applicable restrictions of this act or of any lawful rule or regulation of the board or *other sufficient cause* * * *."

It will be noted that the grounds for suspension or revocation fall in three categories: First, restrictions of the act; second, lawful rules or regulations; third, other sufficient cause. The claim of the plaintiffs that there must first be a rule or regulation, promulgated by the board, before the board may suspend or revoke a permit, has no merit. It may suspend or revoke for "other sufficient cause." *Wittenberg* v. *Board of Liquor Control,* 52 Ohio Law Abs., 65, 73; *Khoury* v. *Board of Liquor Control,* 52 Ohio Law Abs., 434, 438. Whether the conduct of the plaintiffs shows "other sufficient cause" remains for future determination of the board, and perhaps for the courts.

The permit holder operates under a license. In *Abraham* v. *Fioramonte,* 158 Ohio St., 213, 107 N. E. (2d), 321, 33 A. L. R. (2d), 1267, the court in the syllabus held:

"Permits issued by the Department of Liquor Control * * * are personal licenses and are not property."

As a licensee the permit holder is amenable to the provisions of the Liquor Control Act and must exhaust the remedies therein provided.

The court may not substitute its judgment for that of the department or the board. *Farrand* v. *State Medical Board,* 151 Ohio St., 222, 85 N. E. (2d), 113; *State* v. *Tancer,* 62 Ohio Law Abs., 360. If a permanent injunction were granted on the grounds alleged, the effect would be to permanently deprive the department and the board from exercising a discretion in a field in which the statute confers on the department and the board full power and authority to act in the first instance.

We find no acts alleged which constitute an abuse of discretion by the department or the board.

The plaintiffs have an adequate remedy at law. The claim that the action of the department violates the constitutional rights of the plaintiffs is without merit.

A court will not invoke its extraordinary powers by issuing a permanent injunction unless the right to such extraordinary remedy is clear. We find no basis for granting the injunction, and the judgment of the Common Pleas Court in refusing the injunction was correct.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.