SOLOMON, D. B. A. BROOKSY'S BAR, APPELLEE, *v.* LIQUOR CONTROL COMMISSION, APPELLANT.

32

(No. 39213—Decided December 1, 1965.)

34

*Mr. Leonard J. Stern, Mr. Isadore Topper, Mr. N. Victor Goodman* and *Mr. Fred W. Garmone,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. James E. Rattan,* for appellant.

ZIMMERMAN, J. In approaching a decision in this case, it is of importance to consider the nature of the liquor business, particularly as it here relates to the dispensing and sale of intoxicating liquor at retail by the glass. Because of the harmful potentialities incident to the conduct of such business, those engaging therein must obtain a permit from the state and are thereafter subject to strict regulation by statute and by rules and regulations adopted and promulgated pursuant to statutory authority by the Department of Liquor Control, the regulating and supervising agency created by the state to oversee and police, as it were, the liquor business. One who applies for and is issued a permit to sell alcoholic beverages thereby assents to the reasonable and lawful conditions imposed by statute and rule.

Section 4301.10, Revised Code, sets forth the powers and duties of the Department of Liquor Control. As pertinent here, that section provides:

"(A)   The Department of Liquor Control shall:

"(1)   *Control* the traffic in beer and intoxicating liquor in this state, *including the* manufacture, importation, and *sale* thereof;

"* * *

"(4)   *Enforce* Chapters 4301. and 4303. of the Revised Code * * *;

"* * *

"(6)   *Inspect, upon demand, the* books, accounts, records, memorandums, and *place of business* of any person subject to Chapters 4301. and 4303. of the Revised Code * * *;

"(7)   Delegate to any of its agents or employees any power of investigation which the department possesses * * *;

"(8)   *Exercise all other powers expressly or by necessary implication* conferred upon the department by Chapters 4301. and 4303. of the Revised Code * * *." (Emphasis supplied.)

In the opinion of a majority of this court, the terms of the statute quoted above are sufficiently broad and comprehensive to allow agents of the department to enter the business premises of a permit holder to determine whether in the operation of his business he is complying with the laws and regulations governing that business. A permit holder is not without remedy in the courts for unauthorized abuses perpetrated by agents of the department.

As we have already noted, Section 4301.68, Revised Code, a statute designed to protect the customer and found in the Liquor Control Act, expressly prohibits any person from selling, offering for sale or *possessing* "intoxicating liquor in any original container which has been diluted, refilled, or partly refilled." Such provision is plain, unambiguous and explicit and cannot be misunderstood. The statute is not of the kind where *scienter* or guilty knowledge must be alleged and proved. See *Andrews* v. *Board of Liquor Control,* 164 Ohio St. 275, 278, 131 N. E. 2d 390, 392. Compare *State* v. *Huffman,* 131 Ohio St. 27, 1 N. E. 2d 313, first paragraph of the syllabus; *State* v. *Healy,* 156 Ohio St. 229, 102 N. E. 2d 233; *State* v. *Lisbon Sales Book Co.,* 176 Ohio St. 482, 200 N. E. 2d 590; and 21 American Jurisprudence 2d 169, Section 89 *et seq.*

Where a permit holder is suspected of a violation of Sec-

tion 4301.68, Revised Code, laboratory analysis of the contents of labeled bottles of spirituous liquors is the most accurate means to determine whether such contents have been diluted or tampered with in violation of the Liquor Control Act, and the power given the Department of Liquor Control to "inspect" a permit holder's premises carries with it the power to effectively examine his bottled intoxicants within reasonable limits to discover their quality and strength. Ordinarily, the honest permit holder will not be disturbed and has nothing to fear; others must abide the possible consequences of their unlawful conduct.

Our conclusion is that the appropriation of appellee's bottles of whiskey and the analysis of their contents were authorized under the Liquor Control Act, and that by applying for and accepting a permit to sell intoxicating beverages appellee made herself amenable to the provisions of that law and thereby consented to the inspection of the premises and the appropriation for analysis of any intoxicating liquor suspected to be in violation of the liquor control laws. We think it can fairly be said that appellee's appropriated bottled whiskey intended for sale to bar patrons, which upon analysis showed a proof below that listed on the bottle labels, came within the classification of contraband property under the prohibitory terms of Section 4301.68, Revised Code. It follows that such bottles of whiskey were properly admitted in evidence at the hearing before the Liquor Control Commission.

Because of the position taken, it becomes unnecessary to consider and discuss the question of whether the exclusionary rule announced by the Supreme Court of the United States in the criminal case of *Mapp* v. *Ohio, supra,* and kindred cases is applicable to hearings before a public administrative agency like the Liquor Control Commission in instances where only the suspension or revocation of a liquor permit is involved. See 1 Ohio Jurisprudence 2d 490, 491, Sections 90 and 91; 2 American Jurisprudence 2d 187, Section 380; 42 American Jurisprudence 445, 446, Section 114; 73 Corpus Juris Secundum 445, Public Administrative Bodies and Procedure, Section 125 *et seq.*

This court has held that a permit to sell intoxicating beverages is not property but a mere license which may be suspend-

ed or revoked for good cause shown. *State, ex rel. Zugravu,* v. *O'Brien,* 130 Ohio St. 23, 196 N. E. 664; and *Abraham* v. *Fioramonte,* 158 Ohio St. 213, 107 N. E. 2d 321, 33 A. L. R. 2d 1267.

The evidence introduced before the commission was relevant and pertinent to the charge against the appellee and was sufficient to support the commission's determination that appellee had committed an offense interdicted by statute and to support the affirmance of the commission's order by the Court of Common Pleas.

Accordingly, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

*Judgment reversed.*

MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., concurs in the syllabus except for the portion of paragraph four after the second comma therein.