HI RISE, INC., Appellee,

v.

OHIO LIQUOR CONTROL COMMISSION, Appellant.*

[Cite as *Hi Rise, Inc. v. Ohio Liquor Control Comm.* (1995), 106 Ohio App.3d 151.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C-940638.

Decided Aug. 30, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 74 Ohio St.3d 1512, 659 N.E.2d 1289.

*Michael J. Wiethe,* for appellee.

*Betty D. Montgomery,* Attorney General, and *David A. Raber,* Assistant Attorney General, for appellant.

MARIANNA BROWN BETTMAN, Judge.

Following a hearing in which it was found to be in violation of R.C. 4301.69(A), sale of beer to an underage person, Hi Rise, Inc. had its liquor permit revoked by order of the Liquor Control Commission. Hi Rise timely appealed this order to the court of common pleas, which modified the commission's order to a twenty-

one-day suspension. The commission now appeals from the trial court's order.[1] We have *sua sponte* removed this case from the accelerated calendar.

In its two assignments of error, the commission argues that the lower court erred in modifying its order revoking Hi Rise's permit to sell liquor. With the reservations expressed herein, we are obliged to agree.

On appeal from an administrative agency's order, a court of common pleas must determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. R.C. 119.12; *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. Generally, the common pleas court is obliged to defer to the agency's resolution of factual questions; the court is not, however, obliged to accept improperly drawn inferences from the evidence, nor is the court obliged to accept evidence which is neither reliable nor probative. *Id.* at 110, 17 O.O.3d at 66–67, 407 N.E.2d at 1268; *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 589 N.E.2d 1303. On appeal, this court reviews the order of the trial court under an abuse-of-discretion standard. *Leo G. Keffalas, Inc. v. Ohio Liquor Control Comm.* (1991), 74 Ohio App.3d 650, 600 N.E.2d 275.

The evidence of the violation which was before the commission was undisputed. Hi Rise sold packaged beer to an underaged person. No identification was checked, so Hi Rise cannot rely on R.C. 4301.639 to avoid liability.[2] The only evidence before the commission on this point established the violation with which Hi Rise was charged. Thus, the challenge to the commission's order in this case was not to the finding of the violation, but rather to the penalty imposed.

Hi Rise argued to the trial court that in determining the penalty in this case, the commission failed to take into account the volume of business pursuant to R.C. 4301.25(B). That code provision allows, but does not require, the commission to consider this evidence so that the length of the suspension is in proportion to the seriousness of the offense, and serves as a penalty and a deterrent.

---

1. There was discussion at argument and in Hi Rise's response to the first assignment of error about whether the proper party defendant was named below and on appeal. In its notice of appeal to the common pleas court, Hi Rise listed the defendant-appellee as "Department of Liquor Control, State of Ohio." The entity served with this appeal was the Liquor Control Commission, which is the correct party. The response by the Attorney General at the trial court level was on behalf of the Liquor Control Commission. The commission is properly the appellant before this court.

2. The person who bought the beer was a customer who had made purchases of alcohol in the past after presenting a student identification card.

There are several problems with Hi Rise's argument under the present state of the law. First, the section on which it relies is permissive, not mandatory. Second, it apparently applies to suspensions, not revocations. Finally, according to the third paragraph of the syllabus of *Henry's Cafe, Inc. v. Ohio Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678, on appeal from an adjudication by the commission, "the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." Nevertheless, the common pleas court was clearly troubled by the penalty in this case, as are we for two reasons. One involves the absence of notice of what specific conduct will cause a revocation, the other revisits the issue of economic loss to the permit holder.

### Notice

The General Assembly has clearly delegated rule-making authority to the Liquor Control Commission. R.C. 4301.03. This includes the right to make rules governing suspension, cancellation and revocation of permits. This broad grant of authority has been approved by the Ohio Supreme Court. *Salem v. Ohio Liquor Control Comm.* (1973), 34 Ohio St.2d 244, 63 O.O.2d 387, 298 N.E.2d 138. The regulations of the commission, promulgated pursuant to R.C. Chapter 119, are codified in Ohio Adm.Code Chapter 4301:1.

Revocation, the penalty imposed in this case, is discussed in R.C. 4301.25(A) and 4301.27. R.C. 4301.27 provides for procedural due process to permit holders. R.C. 4301.25 allows the commission to revoke a permit for the violation of any of the applicable restrictions of R.C. Chapters 4301 and 4303, or any lawful rule of the commission, or for other sufficient causes, of which five are enumerated in R.C. 4301.25(A). Problematically, however, the same five specific causes enumerated in R.C. 4301.25 can also be grounds for suspension.

It is axiomatic that to constitute a proper delegation of rule-making authority, there must be clear standards spelled out to provide direction to the administrative agencies. *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, paragraph three of the syllabus; *Matz v. J.L. Curtis Cartage Co.* (1937), 132 Ohio St. 271, 8 O.O. 41, 7 N.E.2d 220; *Princeton City School Dist. Bd. of Edn. v. Ohio State Bd. of Edn.* (1994), 96 Ohio App.3d 558, 645 N.E.2d 773. As stated by then Judge Clifford Brown in his concurring opinion in *A.B. Jac, Inc. v. Ohio Liquor Control Comm.* (1972), 31 Ohio App.2d 9, 60 O.O.2d 60, 285 N.E.2d 763, an administrative agency may not act arbitrarily or capriciously in the enactment of rules and regulations in the exercise of its delegated powers.

The problem here, as we see it, is that other than the requirement that the commission's regulations should further public decency, sobriety, and good order,

all unarguably commendable goals, we find no regulation which puts permit holders on notice of what specific conduct will result in a revocation as opposed to a suspension. Compare *Salem, supra* (violation of regulation against improper conduct warrants suspension) with *Solomon v. Ohio Liquor Control Comm.* (1965), 4 Ohio St.2d 31, 33 O.O.2d 339, 212 N.E.2d 595 (violation of regulation against possession of diluted or refilled liquor in original container warrants revocation); *DDDJ, Inc. v. Ohio Liquor Control Comm.* (1990), 64 Ohio App.3d 828, 582 N.E.2d 1152 (violation of regulation against the sale of liquor at reduced, happy-hour prices after 9:00 p.m. warrants suspension); *Zonnie Enterprises, Inc. v. Ohio Liquor Control Comm.* (Sept. 25, 1980), Cuyahoga App. No. 41468, unreported (violation of regulation against improper conduct warrants revocation); *Tubby Enterprises, Inc. v. Ohio Liquor Control Comm.* (Feb. 19, 1974), Franklin App. No. 73AP–367, unreported (violation of regulation against improper conduct warrants suspension); and *Angola Corp. v. Ohio Liquor Control Comm.* (1972), 33 Ohio App.2d 87, 62 O.O.2d 142, 292 N.E.2d 886 (violation of regulation against improper conduct warrants suspension). Cf. R.C. 4507.021 and 4507.16, erecting detailed statutory framework with point system providing precise standards and notice of grounds for driver's license suspensions by Ohio Bureau of Motor Vehicles, and leaving license revocations to be imposed in a judicial forum under specifically articulated standards.

As noted in Dobbins, The Ohio Liquor Control Commission's Right To Regulate (1976), 4 Akron L.Rev. 695:

"The liquor licensee's complaint is not that the state has no power to regulate the sale of liquor, but that there are no prescribed standards on which they can rely. Although the power granted by the twenty first amendment to the state is broad, the requirement that regulations be specific, so as to provide notice and establish ascertainable standards, would not impair the state's reasonable exercise of that power. Specificity of standards would result in adjudication based on merit, rather than the whim of the LCC."

### Economic Loss

It has long been the rule in this state that a liquor permit is not a vested property right, but a privilege to be enjoyed only so long as conditions and restrictions governing its continuance are complied with. *Salem, supra,* 34 Ohio St.2d at 245, 63 O.O.2d at 388, 298 N.E.2d at 140; *Solomon v. Ohio Liquor Control Comm.* (1965), 4 Ohio St.2d 31, 33 O.O.2d 339, 212 N.E.2d 595; *Stouffer Corp. v. Bd. of Liquor Control* (1956), 165 Ohio St. 96, 59 O.O. 100, 133 N.E.2d 325; *Frankenstein v. Leonard* (1938), 134 Ohio St. 251, 12 O.O. 54, 16 N.E.2d 424; *DDDJ, Inc. v. Ohio Liquor Control Comm.* (1990), 64 Ohio App.3d 828, 582

N.E.2d 1152; *Rickard v. Ohio Dept. of Liquor Control* (1986), 29 Ohio App.3d 133, 29 OBR 149, 504 N.E.2d 724. However, this rule has been criticized, both in the past and recently.

In *Khoury v. Bd. of Liquor Control* (App.1948), 52 Ohio Law Abs. 434, 438, 81 N.E.2d 634, 637, the Franklin County Court of Appeals noted:

"A permit holder who has invested heavily in his place of business and has built up good will, although he has no vested right to retain a permit, is entitled to a policy from the Liquor Department upon which he can rely and it should at all times be fair to him."

The United States Court of Appeals for the Sixth Circuit, interpreting Ohio law, has concluded that Ohio liquor permits must be property because Ohio law allows them to be transferred, sold, inherited and renewed. *In re Terwilliger's Catering Plus, Inc.* (C.A.6, 1990), 911 F.2d 1168, 1171. The federal appeals court has also noted that while the Ohio revocation provision does not state that a license can be revoked only for cause, the notice, hearing and appeal provisions would be pointless unless the legislature intended there to be some reasons for revocation. *Brookpark Entertainment, Inc. v. Taft* (C.A.6, 1991), 951 F.2d 710, 715. While we are very aware of the fact that these decisions are not binding upon us, they do make points we consider worthy of reconsideration. See, also, 4 Akron L.Rev., *supra*, at 703–704; *Loyal Order of Moose Lodge 1044 of Troy v. Ohio Liquor Control Comm.* (1995), 105 Ohio App.3d 306, 312–313, 663 N.E.2d 1306, 1310 (Grady, J., concurring).

The harshness of the doctrine set forth in *Salem, supra,* is well illustrated by the facts in this case.

■ The evidence before the commission was that Hi Rise has been a family-owned business for twenty-five years. Hi Rise is directly across the street from at least two large University of Cincinnati dormitories. Hi Rise was never issued a liquor violation while Mr. Bambach, the present owner and operator, was personally in charge, which was apparently ten to twelve hours a day. He now has to rely on outside help to handle the high volume of business. At the time of the hearing Bambach had found an experienced buyer for the business. A fully executed agreement to sell the business for $100,000 was admitted as an exhibit at the hearing. $40,000 of the purchase price was in escrow. Successful transfer of the liquor permit is the consideration for the sale. It is obvious that loss of the liquor permit will cause Bambach serious economic hardship. His brief to the common pleas court indicates that he is raising five children, and that he and a brother inherited the business from his father.

While Hi Rise has had problems with sales to underage persons in the past, which is a very serious matter which we in no way condone, we cannot discern how the commission was able to determine that revocation should be the appropriate penalty. Hi Rise underscored the arbitrariness of the penalty in this case by presenting examples to the common pleas court of completely disparate treatment of different permit violators in the same general area. Further, we are very troubled, as was Hi Rise, by the fact that the commission did not appear to consider the pending sale of the business. We believe that, at a minimum, the economic value of a permit should be a factor in a revocation proceeding.

We are of the opinion that an appropriate penalty in this case would be to suspend the permit pending sale, but if the sale to a bona fide purchaser does not occur within a certain time period, then to revoke the permit. However, the syllabus law of *Henry's Cafe, supra,* clearly states that the common pleas court cannot modify a penalty the agency was authorized to impose on the ground that the agency abused its discretion. For this reason, we hold that the trial court was wrong in modifying the penalty imposed by the Liquor Control Commission. We believe that this restriction on review, especially when we perceive an absence of standards governing revocations, for all intents and purposes vitiates appellate review of Liquor Commission orders. Hopefully, the Supreme Court will revisit *Henry's Cafe* and allow meaningful review of liquor commission penalties.

Accordingly, the judgment of the common pleas court is vacated and the order of the Liquor Control Commission, revoking the liquor permit of Hi Rise, is reinstated.

*Judgment reversed.*

DOAN, P.J., and HILDEBRANDT, J., concur.