DECISION
Appellant, C H Investors, Inc., appeals a decision of the Franklin County Court of Common Pleas affirming a February 1998 order of appellee, the Ohio Liquor Control Commission, that revoked appellant's class C-1-2 liquor permit.
Appellee scheduled a hearing on February 4, 1998, to determine whether appellant's permit should be suspended, revoked or forfeited based on charges that, on or before April 4, 1997, appellant assigned, transferred or pledged its liquor license without the written consent of the Ohio Department of Liquor Control,[1] in violation of R.C. Sections 4303.29 and/or 4301.25.
No representative for appellant appeared at the February 4, 1998 hearing. At the hearing, appellee admitted three exhibits into evidence: the notice of hearing, the personal service sheet and the Investigative Report.
The Investigative Report, prepared by an agent with the Ohio Department of Public Safety, sets forth the following facts "as obtained from the reporting department":
 Sgt. G. Menke of the Montgomery Sheriff's Department contacted the manager of Boston Wine Cellar during a routine permit holders check and for completion of new Emergency Contact Card for the Communications Center. Sgt. Menke had previously seen a sign "Under New Ownership" recently at the subject permit premises and no Transfer Notice was received from the Ohio Department of Liquor Control.
 The Manager advised Sgt. Menke that he had purchased the wine store from family members in December 1996 and alleged to have filed for Transfer of Ownership at that time. The information obtained from the posted permit indicated that the permit was in the name of C H Investors Inc., DBA Bostons Wine Cellar. A request was made to the Liquor Enforcement to verify current ownership. Information obtained through Liquor Enforcement from the Permit Division indicated that the permit had never been officially transferred.
No witnesses testified at the hearing. Appellee reviewed the record and found the violation. In an order mailed February 18, 1998, appellee revoked appellant's permit, effective March 11, 1998.
On March 5, 1998, appellant filed a motion for rehearing and reconsideration on the grounds that it had not received notice of the February 4th hearing. Appellant attached two exhibits to its motion: a contract for sale and purchase of business assets and a management agreement. The contract set forth the agreement between appellant, d.b.a. Boston Wine Cellar at 7504 North Main Street in Dayton, to sell the business described as a carry-out/beverage center, as an ongoing concern to Boston Enterprises Ltd. Although the contract gave Boston Enterprises possession of the business at the time of its execution, both parties had obligations to meet before the agreement would be closed. Appellant's obligations included executing the necessary documents to transfer its C-1-2 liquor permit to Boston Enterprises. The management agreement, entered into by the parties on the same date as the purchase contract, indicates that the contract for sale of the business would not be consummated until the liquor permit was transferred to Boston Enterprises. In its memorandum in support of the motion for a new hearing, appellant argued it only learned of the permit revocation from a vendor that supplied another business owned by appellant. The commission denied appellant's motion.
Appellant appealed the revocation order, pursuant to R.C. 119.12, to the Franklin County Court of Common Pleas. The trial court found that the method of service employed by appellee, that is, personal service on appellant's alleged agent Stephen Boston at the permit premises, was adequate notice and did not violate appellant's procedural due process rights. The court also found that the report of the liquor control investigator was admissible and, even if inadmissible, that appellant had waived any objection by failing to appear, and there was reliable, probative and substantial evidence in support of the revocation order. The court declined to address appellant's last argument, that the citation was defective because the request for the citation had been submitted beyond the thirty-day time limit from the date of the alleged violation, because appellant had not made this argument at the hearing or in its motion for a rehearing. Accordingly, the trial court affirmed appellee's order.
Appellant's appeal from the trial court's decision is now before this court. Appellant presents the following five assignments of error in support of its appeal:
ASSIGNMENT OF ERROR NO. 1
 The Court of Common Pleas erred, when it found that the Liquor Control Commission Order revoking Appellant's liquor permit was supported by reliable, probative, and substantial evidence and was in accordance with law.
ASSIGNMENT OF ERROR NO. 2
 The lower Court erred as a matter of law by upholding the Liquor Commission Order on hearsay evidence.
ASSIGNMENT OF ERROR NO. 3
 The lower Court erred as a matter of law by not affording Appellant due process for failure to provide notice to Appellant.
ASSIGNMENT OF ERROR NO. 4
 The lower Court erred by not finding that Stephen Boston was an independent contractor of Appellant.
ASSIGNMENT OF ERROR 5
 The lower Court erred when it found that Ohio Administrative Code 4301:1-1-61(C) was not violated.
When deciding an appeal from an administrative agency's order brought pursuant to R.C. 119.12, a common pleas court determines whether reliable, probative and substantial evidence supports the order and whether the order is in accordance with law. Hi Rise, Inc. v. Ohio Liquor Control Comm. (1995),106 Ohio App.3d 151, 153. Although the common pleas court must defer to the agency's resolution of factual questions, the court is not obligated to accept improperly drawn inferences or evidence that is not reliable or probative.Hi Rise, at 153.
Appeals from a court of common pleas to a court of appeals have a more limited standard of review. Rossford ExemptedVillage School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. When considering questions of fact, this court does not consider the weight of the evidence and restricts its determination to whether the common pleas court abused its discretion. Rossford, at 707. When considering questions of law, our review is plenary. Franklin Cty. Bd. of Commrs. v. State Emp.Relations Bd. (1993), 92 Ohio App.3d 585, 588.
Appellant's third and fourth assignments of error address the adequacy of the service of the hearing notice and will be addressed first. Appellant contends that personally serving notice of the hearing on an independent contractor operating a business at the address on appellant's liquor permit was inadequate and violated appellant's procedural due process rights. When sufficiency of service of process is questioned, an abuse of discretion standard of review applies. Bell v. MidwesternEducational Serv., Inc. (1993), 89 Ohio App.3d 193, 203.
R.C. 4301.27 provides that the commission may revoke or cancel a permit after holding a hearing in such a manner and upon such notice as prescribed by rules of the commission.
Ohio Adm. Code 4301:1-1-65 sets forth the procedure for hearings before the liquor commission. When the commission schedules a hearing to determine whether a permit should be revoked, suspended or cancelled, notice of the hearing shall be sent "by certified mail, return receipt requested, to the holder of the permit at the address set forth in the permit." Ohio Adm. Code 4301:1-1-65(A). Although this code section does not state an alternative method of service in the event that notice by certified mail is returned because of failure of delivery, R.C.119.07 does.
R.C. 119.07 provides that, when an agency, defined in R.C. 119.01(A) as including the liquor commission, is required to hold a hearing before issuing an order, "[n]otice shall be given by registered mail, return receipt requested," "[e]xcept when a statute prescribes a notice and the persons to whom it shall be given[.]" When notice by registered mail is returned due to failure of delivery, notice may be given either by personal delivery or by publication in a newspaper in the manner specified in R.C. 119.07.
When a liquor permit holder's right to operate under his permit is in jeopardy, due process of law mandates that the permit holder have an opportunity to be heard at a hearing, and that the permit holder receive adequate notice of the hearing. Tripodi v.Liquor Control Comm. (1970), 21 Ohio App.2d 110, 111. In Tripodi, the court held that the provision in R.C. 119.07 for giving notice by registered mail, return receipt requested, constituted adequate notice for due process concerns. Id. at 111-112. This court finds that successful compliance with a secondary method of giving notice set forth in R.C. 119.07 also satisfies the due process requirement of adequate notice.
Appellee originally scheduled the hearing to consider appellant's alleged violations on October 8, 1997. In September 1997, the Department of Public Safety-Liquor sent notice of the hearing to appellant by certified mail addressed to appellant at 7504 North Main Street in Dayton, Ohio. The envelope was returned with a handwritten notation of FOE (forwarding order expired) and stamped "not deliverable [new line] addressed — [new line] unable to forward," and not unclaimed as argued by appellee.
Despite the fact that service by certified mail to appellant at this address had failed, when the hearing was rescheduled for February, appellee again attempted to serve notice on appellant, this time by personal service, at the same address. On January 14, 1998, appellee obtained personal service of the notice of hearing on Stephen Boston, identified on the form as the permit holder, at 7504 North Main Street in Dayton. The line designated for "signature of person receiving subpoena" is signed by Stephen M. Boston. The line immediately below this signature line directs the signor's relationship, presumably to the permit holder, to be indicated. On this line, the single word "owner" has been written.
"`Personal service of process means the actual or direct delivery of the summons or a copy thereof to the person to whom it is directed or to someone who is authorized to receive it in his behalf.'" Sears v. Weimer (1944), 143 Ohio St. 312, 315, quoting 42 American Jurisprudence 40, Section 48.
This court notes several problems with the personal service form. Notably, Stephen Boston is improperly identified as the permit holder — appellant C H Investors, Inc., is the permit holder. Additionally, the entry of "owner" on the line under the signature line does not provide the information sought. The relationship of the signor to the permit holder is sought. Logically, this is to establish that service has been made on the person to be served or someone in a position of authority to receive service.
Whether or not appellee properly served notice of the hearing on appellant depends on whether Stephen Boston was authorized to receive notice for appellant. Although the trial court found that Boston was appellant's agent, no evidence in the record supports such a finding. The Investigative Report simply states that Boston had purchased the business from appellant. In turn, appellant contends that Boston was an independent contractor and relies on the management agreement entered into between appellant and Boston Enterprises, which provides that Boston Enterprises would manage the business located at 7504 North Main Street as an independent contractor.
Appellee argues that Ohio courts have rejected similar arguments by permit holders who have sought to insulate themselves from liability behind independent contractors; however, none of the cases appellee cites involve service of notice issues.
Despite the fact that appellant is a corporation and, therefore, required to maintain a statutory agent upon whom any notice may be served, see R.C. 1701.07, the record does not indicate that appellee made any attempt to mail notice of service to appellant's statutory agent.
In support of its position that service was properly obtained on appellant, appellee cites to Rhoden v. Akron (1988),61 Ohio App.3d 725. In Rhoden, certified mail of notice of a hearing was returned unclaimed. The court ruled that a person who fails to claim a certified mail letter may not later complain that he did not receive notice. Id. at 728. In the present case, certified mail was not returned as unclaimed, it was returned because it was not deliverable as addressed.
Appellee also argues that service was proper because it "hand delivered service on a self-identified managerial or ownership person of the corporate permit holder at the premises." (Emphasis added.) Appellee's brief at 22. Although the record indicates that Boston contracted to purchase business assets from appellant, there is no evidence that Boston was a manager or had an ownership interest in C H Investors, Inc., the corporate permit holder.
Due to the absence of any evidence in the record that Stephen Boston was authorized to accept personal service on appellant, this court finds that personal service on Stephen Boston was not adequate notice for due process purposes and that the common pleas court abused its discretion when it determined that service on appellant was proper.
Appellant may well have violated prohibitions against transferring his license in violation of R.C. 4301.25 and 4303.29, or in allowing Boston to operate his business in violation of R.C.4303.27; however, these matters are irrelevant to the narrow issue before the court as to whether appellant was properly notified of the hearing.
For the above reasons, appellant's third and fourth assignments of error are sustained.
In its fifth assignment of error, appellant asserts that the trial court erred when it did not find that appellee should have dismissed the charge that appellant violated R.C. 4301.25, based on the Montgomery County Sheriff's failure to request a citation within thirty days of the alleged violation as required by Ohio Adm. Code 4301:1-1-65. Ohio Adm. Code 4301:1-1-61(C) provides as follows:
 When a request for citation is made to the department by a law enforcement agency such request must be submitted in writing within thirty days of the date of the alleged violation except where an arrest has been made in connection with the alleged violation.
Based upon the fact that the provision at issue is an administrative code provision and, alternatively, on our determination that this time period is directory rather than mandatory, see In re Raymundo (1990), 67 Ohio App.3d 262, appellant's fifth assignment of error is not well-taken and is overruled.
Appellant's first and second assignments of error allege that the commission's order was not supported by the evidence and not in accordance with law. In light of this court's ruling that service was not proper, appellee's order is void. Rite Rug Co.,Inc. v. Wilson (1995), 106 Ohio App.3d 59, 62. Consequently, these assignments of error are moot. See State ex rel. Gabriel v.Youngstown (1996), 75 Ohio St.3d 618, 619.
Appellant's first and second assignments of error are overruled as moot, appellant's third and fourth assignments of error are sustained, and appellant's fifth assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court with instructions to remand the matter to the Division of Liquor Control for further proceedings in accordance with this decision.
Judgment reversed and cause Remanded with instructions.
BROWN, J., and LAZARUS, P.J., concur.
[1] Beginning July 1, 1997, the Ohio Department of Liquor Control became the Division of Liquor Control. See R.C. 4301.02