THE STATE OF OHIO, APPELLEE, *v.*
GIALLOMBARDO, APPELLANT.

(No. 1542 — Decided
February 18, 1986.)

*Mark Klepatz,* for appellee.

*Kane, Bangas & Sicuro* and *R. J. Kane,* for appellant.

FORD, J. Defendant-appellant, Salvatore Michael Giallombardo, appeals his conviction in the Portage County Court of Common Pleas for unauthorized use of property in violation of R.C. 2913.04.

On October 13, 1984, appellant entered the Murphy's Mart store located in Franklin Township, Portage County, Ohio. Appellant proceeded to the garden shop area of the store where he was observed by the security manager, Gail Foreman, to pick up a shopping bag, fold it in half, and place it in his coat pocket. Deeming this behavior suspicious, Foreman followed appellant through the store in order to observe his actions. As he entered the various departments, he was seen picking up items of merchandise, some of which he placed in the shopping bag, while others were put into his cart. Appellant then pushed the shopping cart containing the closed shopping bag to the exit of the store, past the cash registers, and to the pay phone area. After using the phone, appellant exited the store and proceeded into the parking lot. At this point, Foreman stopped appellant, identified herself as store security, and asked appellant if he had a receipt for the merchandise. When appellant answered in the negative, Foreman requested that he step back into the store and appellant consented. Foreman, appellant, and the store's assistant manager proceeded to the security office where appellant was informed that his conduct constituted petty theft under Ohio law. Appellant was then handed a form which stated that appellant had taken merchandise from the store, that he admitted to such taking, and that appellant waived any redress against the store. Appellant read and signed the form and the Portage County Sheriff's office was phoned. A deputy arrived shortly thereafter to transport appellant to the Portage County Jail, where Foreman filed a complaint for petty theft, R.C. 2913.02.

On December 4, 1984, appellant filed a motion to suppress all evidence relating to his apprehension and arrest. A hearing was conducted on the matter following which the trial court denied appellant's motion. Thereafter, appellant entered a plea of no contest to the amended charge of unauthorized use of property, a misdemeanor of the fourth degree. Appellant was found guilty of the amended charge, fined $150, and sentenced to ten days in the county jail, which sentence was suspended on condition that there be no similar offense for a period of one year.

On appeal, appellant advances the following assignment of error:

"The trial court [erred] in not sustaining the defendant's motion to suppress."

In his sole assignment of error, appellant contends that the trial court erred in denying his motion to suppress evidence, alleging that such evidence was obtained in violation of appellant's constitutional rights. Appellant's contention is premised on his assertion that

the security manager of Murphy's Mart is by implication a peace officer within the meaning of R.C. 2935.01(B) and, as such, was required to give appellant *Miranda* warnings. The assignment is without merit.

As contained in R.C. 109.71(A)(1), a "peace officer" is considered to be:

"A deputy sheriff, marshal, deputy marshal, member of the organized police department of a municipal corporation, or township constable, who is commissioned and employed as a peace officer by a political subdivision of this state * * *." (See 140 Ohio Laws, Part I, 155, 155-156.)

The Attorney General has enunciated three requirements for determining peace officer status, pursuant to R.C. 109.71(A)(1), stating that: (1) the person must be appointed to one of the specific positions enumerated in the statute, (2) the person must be commissioned or employed by a political subdivision of the state, and (3) the person's primary duties must be to preserve the peace, to protect life and property, and to enforce laws, ordinances or regulations. 1984 Ohio Atty. Gen. Ops. No. 84-008.

R.C. 2935.01(B) further elaborates on those individuals considered to be peace officers, stating that:

"'Peace officer' includes a sheriff, deputy sheriff, marshal, deputy marshal, member of the organized police department of any municipal corporation, * * * state university law enforcement officer appointed under section 3345.04 of the Revised Code, a police constable of any township, and, for the purpose of arrests within those areas, and for the purposes of Chapter 5503 of the Revised Code, and the filing of and service of process relating to those offenses witnessed or investigated by them, includes the superintendent and patrolmen of the state highway patrol."

As demonstrated by the above-cited language, a privately employed security guard does not fall within the definition of a peace officer. Rather, only those individuals acting under color of state law or authority are considered to be peace officers. In the instant case, however, the security manager was not acting for or on behalf of the state but as an employee of Murphy's Mart. Accordingly, the security manager's ability to detain appellant was not governed by the same standard of conduct imposed upon peace officers. On the contrary, the security manager's ability to detain appellant in the case at bar is set forth in R.C. 2935.041(A) as follows:

"A merchant, or his employee or agent, who has probable cause to believe that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, for the purposes set forth in division (C) of this section, detain the person in a reasonable manner for a reasonable length of time within the mercantile establishment or its immediate vicinity."

We do not agree with appellant's interpretation of R.C. 109.78 as requiring a security manager to abide by the same standards of conduct imposed upon peace officers. On the contrary, that statute explicitly draws a distinction between the positions of security guard and peace officer, as evidenced by the following pertinent language:

"* * * Such [training] programs shall cover only duties and jurisdiction of such security guards and special policemen privately employed in a police capacity when such officers do not qualify for training under section 109.71 of the Revised Code.* * *" R.C. 109.78(A).

Based on the foregoing analysis, we conclude that a privately employed security guard is not a peace officer within the meaning of R.C. 109.71(A)(1) and 2935.01(B).

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING, P.J., and COOK, J., concur.