**DEKTAS et al., Appellants,**

v.

**LEIS, Appellee, et al.**

[Cite as *Dektas v. Leis* (1989), 64 Ohio App.3d 450.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880429.

Decided Dec. 27, 1989.

*Kircher & Phalen* and *Robert B. Newman,* for appellants.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Philip J. Zorn, Jr.,* for appellee.

---

*Per Curiam.*

This appeal involves a class action brought by Hamilton County deputy sheriffs against Sheriff Simon L. Leis, Jr. ("the sheriff") regarding the sheriff's refusal to certify the deputies as peace officers.[1]

Appellants Jeffrey Dektas, John Wainscott, and Randy Webb are employed as Hamilton County deputy sheriffs and work in the sheriff's corrections division. Appellants sought to be certified as peace officers by the sheriff in order to partake in training courses at the Peace Officer Training Academy pursuant to R.C. 109.77. The sheriff refused to provide the necessary certification. Appellants then sought a declaratory judgment from the trial court that they were peace officers under R.C. 109.71(A)(1) and consequently entitled to certification for training at the academy. On cross-motions for summary judgment, the trial court ruled in favor of the sheriff, finding that appellants did not qualify as peace officers under R.C. 109.71(A)(1), and therefore that they were not required or entitled to undergo peace officer training.

Appellants have appealed the trial court's granting of the sheriff's summary judgment motion and the denial of their motion. In their single assignment of error, appellants argue that corrections officers fit within the purview of the definition given to "peace officer" in R.C. 109.71(A)(1). We disagree.

As provided in R.C. 109.71(A)(1) a "peace officer" is defined as:

"A deputy sheriff, marshal, deputy marshal, member of the organized police department of a municipal corporation, member of a police force employed by

---

1. Appellants' September 30, 1987 amended complaint named William Clyde Heekin as an additional defendant. Heekin was subsequently dismissed from the action via a November 4, 1987 entry.

a metropolitan housing authority under division (D) of section 3735.31 of the Revised Code, or township constable, who is commissioned and employed as a peace officer by a political subdivision of this state or by a metropolitan housing authority, and whose primary duties are to preserve the peace, to protect life and property, and to enforce the laws of Ohio, ordinances of a municipal corporation, or regulations of a board of county commissioners or board of township trustees, or any such laws, ordinances, or regulations * * *."

In order for a person to be a peace officer under R.C. 109.71(A)(1), three criteria must be met. First, the person must be appointed to one of the specific positions enumerated in the statute. Second, the person must be commissioned or employed as a peace officer by a political subdivision of this state. Third, the person's primary duties must be to preserve the peace, to protect life and property, and to enforce laws, ordinances or regulations. See *State v. Giallombardo* (1986), 29 Ohio App.3d 279, 29 OBR 343, 504 N.E.2d 1202; 1984 Ohio Atty.Gen.Ops. No. 84–008.

As deputy sheriffs, appellants clearly satisfy the first prong of the statutory definition. However, based on the following, we hold that appellants do not meet the remaining statutory requirements.

The notices which accompanied appellants' appointments as deputy sheriffs restricted appellants' authority to that which was necessary to perform and fulfill the job duties set forth in their respective classifications and job descriptions as "corrections officers." The record contains affidavits from the sheriff and his predecessor, Lincoln J. Stokes, which state that neither of them "at any time, appointed, commissioned, or employed plaintiffs [appellants] as 'peace officers' within the meaning of that term as it is or was defined in Ohio Revised Code [Section] 109.71(A)(1) during my tenure as Sheriff * * *." Furthermore, the training requirements set forth for jail "corrections officers" under Ohio Adm.Code 5120:1–8–18 are significantly different from those required of "peace officers" pursuant to Ohio Adm.Code Chapter 109:2–1. The minimal training prescribed for jail corrections officers consists of eighty hours of unarmed self-defense lessons and other jail or inmate-related courses. Peace officers, on the other hand, are required to partake in a minimum of four hundred twenty hours of basic training, which includes, *inter alia*, sixty hours of firearms training, thirty-five hours of patrol, and over thirty hours of training in traffic-related subjects.

In light of the above, we are compelled to conclude that appellants were not "commissioned and employed" as peace officers and that their primary duties as jail correction officers do not equate to those of peace officers within the meaning of R.C. 109.71(A)(1).

The sheriff was entitled to judgment as a matter of law. See *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 274. The trial court did not err in granting the sheriff's motion for summary judgment and in denying the appellants' motion. The single assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.