OPINION
This is an appeal by Robert A. Gattis, Appellant, from a judgment of the Bellefontaine Municipal Court denying Appellant's motion to suppress inculpatory statements made by Appellant after he was caught shoplifting at a Kroger grocery store.
On May 2, 1997, Scott Hitchings, a Kroger's grocery store security officer, observed Gattis conceal bottles of vitamins under his jacket and attempt to exit the store without paying for them. Hitchings stopped Gattis between the double doors at the store entrance and escorted him back inside the store to the manger's office for questioning. The Bellefontaine Police Department was contacted. Before police arrived, Hitchings proceeded to interview Gattis and fill out a shoplifting report. Three quarters of the way into the process, Officer Jim Tetirick arrived. Officer Tetirick allowed Hitchings to finish his interview and report without his interference and without participating in any conversation. It was during this time and in the presence of Officer Tetirick that Gattis signed an inculpatory statement contained within the shoplifting report written out by Hitchings. At no time was Gattis informed of his rights pursuant to Miranda v. Arizona (1966), 384 U.S. 436. Officer Tetirick subsequently issued Gattis a summons in lieu of arrest on one count of petty theft, in violation of Bellefontaine City Ordinance 545.05.
Gattis entered a plea of not guilty to the charge on May 14, 1997. On June 19, 1997, Gattis filed a motion to suppress any written and oral statements he made while detained by Hitchings and Officer Tetirick on the basis that the statements were obtained as a result of a custodial interrogation without the benefit of Miranda warnings. The trial court denied the motion on July 25, 1997, finding insufficient "state action" to give rise to the rights enumerated in Miranda. Gattis subsequently changed his plea to no contest and was found guilty by the trial court and sentenced, accordingly.
Appellant now complains of the following error by the trial court:
 The trial court erred in denying Defendant-Appellant's motion to suppress the statement made to a store employee and police officer.
Appellant contends that the presence of Officer Tetirick at the scene of his detention and interrogation at the Kroger grocery store constituted a "custodial interrogation" prior to which Appellant should have been advised of his Miranda rights. Since Appellant was not advised of his rights before he made incriminating statements to Hitchings, Appellant claims the statements were obtained in violation of the Fifth and Fourteenth Amendments and should have been suppressed by the trial court.
The Miranda rule was established to protect the Fifth Amendment rights of persons subjected to custodial interrogation by law enforcement officials. Miranda, 384 U.S. at 444. When determining whether a person is in custody for purposes ofMiranda, a court must examine the totality of the circumstances surrounding the interrogation; however, the ultimate inquiry is simply whether there was an arrest or restraint on freedom of movement of the degree associated with formal arrest. Californiav. Beheler (1983), 463 U.S. 1121, 1125.
Appellant argues that his freedom to move about was restrained by the fact that he was forcibly stopped and escorted back to an office inside the Kroger's store by Hitchings. His detainment was continued upon the arrival of Officer Tetirick. Appellant claims he was clearly not at liberty to leave the premise and that he was in police custody at the time the interview was being conducted by Hitchings.
Assuming, for the moment, Appellant is correct that he was in police custody at the time Hitchings conducted his interview of Appellant, this alone is not enough to trigger the need forMiranda warnings. It must also be established that there was an "interrogation" initiated by a "law enforcement officer." Miranda,384 U.S. at 444. The Supreme Court of Ohio has held that an employee of a merchant, who detains a suspected shoplifter pursuant to R.C. 2935.041, is not the type of "law enforcement officer" contemplated by Miranda. State v. Bolan
(1971), 27 Ohio St.2d 15, 18; State v. Giallombardo (1986),29 Ohio App.3d 279; See, also, State v. Watson (1971), 28 Ohio St.2d 15, paragraph five of the syllabus (statement made to a news reporter by a defendant while in police custody does not warrantMiranda warnings since such questioning is not the result of an interrogation by a law enforcement official). The court in Bolan
stated:
 Essentially this same conclusion has been reached almost uniformly by courts of other jurisdictions. The rationale of these cases is that the duty of giving " Miranda warnings" is limited to employees of governmental agencies whose function is to enforce law, or to those acting for such law enforcement agencies by direction of the agencies; that it does not include private citizens not directed or controlled by a law enforcement agency, even though their efforts might aid law enforcement.
Bolan, 27 Ohio St.2d at 18.
In the present case, it is undisputed that Hitchings alone asked questions of Appellant and filled out the paperwork which Appellant later signed describing the theft. Officer Tetirick was only present the during the end of Hitchings interview of Appellant and did not in any way participate in the questioning process. Testimony taken at the hearing on the motion to suppress indicated that Hitchings had finished his questioning of Appellant by the time Officer Tetirick arrived at the store and that Officer Tetirick was only the present for the finalization of the store's paperwork reporting the theft. We find these facts do not implicate Miranda warnings since there was no custodial interrogation initiated by a law enforcement officer. Consequently, Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.