**J.L. SPOONS, INC., et al., Plaintiffs,**

v.

**CITY OF BRUNSWICK, Defendant.**

**No. 1:97CV3269.**

United States District Court,
N.D. Ohio,
Eastern Division.

June 15, 1998.

J. Michael Murray, Steven D. Shafron, Berkman, Gordon, Murray, Palda, & DeVan,

Cleveland, OH, for J.L. Spoons, Inc. and Centre Plaza, Inc.

Timothy T. Reid, Reid, Berry & Stanard, Cleveland, OH, for City of Brunswick, Patrick Beyer, Joseph McDermott, Tadeusz Kiernozek, Duane Kuehn, Patrolman Weinhardt, Patrolman Steward and Gregory Rightnour.

Chester T. Lyman, Jr., Office of Attorney General, Columbus, OH, for Ohio Department of Public Safety, Mitchell J. Brown and Ray Robinson.

## MEMORANDUM AND ORDER

ALDRICH, District Judge.

The plaintiffs, J.L. Spoons, Inc. and Centre Plaza, Inc., have previously filed a motion for a preliminary injunction enjoining the defendants from investigating, enforcing and prosecuting the plaintiffs, their officers, agents and employees for violations of Ohio Administrative Code § 4301:1–1–52 ("Rule 52"), a liquor regulation. The plaintiffs argue that Rule 52 is unconstitutionally overbroad and vague, on its face and as applied, in violation of both the United States and Ohio Constitutions. Because the plaintiffs failed to properly serve the new party defendants,[1] this Court, with the parties' consent, construed the preliminary injunction motion as a motion for a temporary restraining order. On May 29, 1998, this Court entered a temporary restraining order enjoining the investigation, enforcement and prosecution of plaintiffs for violations of Rule 52. Since the issuance of that order, the Ohio Department of Public Safety, its Director and its enforcement investigator have filed a brief supporting the constitutionality of Rule 52. Upon review of Rule 52 and the oral and written arguments of counsel, this Court finds that further proceedings are not necessary to determine the validity of Rule 52. This Court holds that Rule 52 is facially invalid in that it

is overbroad in violation of the First Amendment to the United States Constitution, and permanently enjoins the enforcement of Rule 52.[2]

### I.

On March 16, 1998, this Court entered an order preliminarily enjoining the City of Brunswick, Ohio from enforcing Brunswick Ordinance 150–96, which regulates the licensing, location and operation of sexually oriented businesses. This order allowed the opening and operation of Tiffany's Cabaret, a liquor establishment featuring female topless dancers, in Brunswick. On June 1, 1998, the Court permanently enjoined the City of Brunswick from enforcing the licensing and location provisions of the Ordinance due to their unconstitutionality, and ordered a hearing to determine the constitutionality of the substantive operation provisions of the Ordinance.

Meanwhile, beginning on approximately April 25, 1998, the Ohio Department of Public Safety, in coordination with the Brunswick police department, has actively enforced Ohio Administrative Code 4301:1–1–52 ("Rule 52"), a liquor regulation, against the plaintiffs. The Department of Public Safety and Brunswick claim that topless dancing in an establishment serving liquor violates Rule 52. Presumably, this claim is based upon the Ohio Supreme Court's ruling in *Salem v. Liquor Control Commission*, 34 Ohio St.2d 244, 298 N.E.2d 138 (1973), that "improper" conduct under Rule 52 includes knowingly permitting a female to dance with insufficient attire, such as "pasties," so as to portray the female as dancing in a topless state. The plaintiffs argue that Rule 52, on its face and as applied, is unconstitutionally vague and overbroad.

Rule 52 reads as follows:

---

**1.** The plaintiffs' third amended complaint adds the Ohio Department of Public Safety, its Director, and one of its liquor control investigators, as well as several members of the Brunswick police force, as new party defendants. The complaint seeks a declaration that Rule 52 is unconstitutional, and seeks preliminary and permanent injunctive relief against its continued enforcement. The new party defendants have now been properly served.

**2.** Because the Court finds that Rule 52 violates the United States Constitution, it need not address Rule 52's validity under the Ohio Constitution.

No permit holder, his agent, or employee shall knowingly or willfully allow in, upon or about his licensed premises improper conduct of any kind, type or character; any improper disturbances, lewd, immoral activities or brawls; or any indecent, profane or obscene language, songs, entertainment, literature, pictures, or advertising materials; nor shall any entertainment consisting of the spoken language or songs which can or may convey either directly or by implication an immoral meaning be permitted in, upon or about the permit premises.

Entertainment consisting of dancing, either solo or otherwise, which may or can, either directly or by implication, suggest an immoral act is prohibited. Nor shall any permit holder, his agent, or employee possess or cause to have printed or distributed any lewd, immoral, indecent, or obscene literature, pictures or advertising materials.

## II.

### A. Standing

■ The plaintiffs challenge the constitutionality of Rule 52 both on its face and as applied. Although none of the defendants question the plaintiffs' standing to challenge Rule 52 as applied, the Court finds a discussion·on such standing is warranted.

The plaintiffs' pleadings argue, albeit indirectly, that the plaintiffs have standing to challenge Rule 52 as applied to them because the regulation has been impermissibly construed to prohibit liquor establishments, including Tiffany's Cabaret, from exercising protected First Amendment expression in the form of topless dancing.[3] It may be error to assume, however, that Ohio could not prohibit topless dancing in liquor establishments, or, to state it differently, prohibit liquor where topless dancing is performed. This Court, although it agrees that the plain-

tiffs have standing to facially challenge Rule 52 on overbreadth grounds, finds the plaintiffs' right to challenge Rule 52 as applied to them questionable.

In 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996), the Supreme Court disavowed the reasoning of its earlier opinion in California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), but did not question LaRue's holding. In LaRue, the Court upheld the constitutionality of a California statute prohibiting liquor establishments from allowing certain specified sexual exhibitions, including nude dancing. The LaRue Court reasoned that the Twenty-first Amendment required that California's statute be given an added presumption in favor of its validity. Id. at 118–119, 93 S.Ct. 390. ·The 44 Liquormart Court disavowed LaRue's reasoning and held that "the Twenty-first Amendment does not qualify the constitutional prohibition against laws abridging the freedom of speech embodied in the First Amendment." 44 Liquormart, 517 U.S. at 516, 116 S.Ct. 1495. However, the Court went on to explain that "[e]ntirely apart from the Twenty-first Amendment, the State has ample power to prohibit the sale of alcoholic beverages in inappropriate locations. Moreover ... the Court has recognized that the States' inherent police powers provide ample authority to restrict the kind of 'bacchanalian revelries' described in the LaRue opinion regardless of whether alcoholic beverages are involved." Id. at 515, 116 S.Ct. 1495. Furthermore, in Triplett Grille, Inc. v. City of Akron, 40 F.3d 129 (6th Cir.1994), the Sixth Circuit held that a local public indecency ordinance of general application did not violate the First Amendment as applied to prohibit nude dancing in adult entertainment businesses, despite the fact that the locality did not enact the ordinance to combat any secondary effects of adult entertainment. The Sixth Circuit, relying on Justice Souter's concurring opinion in

---

**3.** As mentioned above, the Ohio Supreme Court has held that "improper" conduct under Rule 52 includes knowingly permitting a female to dance with insufficient attire, such as "pasties," so as to portray the female as dancing in a topless state. Salem v. Liquor Control Commission, 34 Ohio St.2d 244, 298 N.E.2d 138 (1973). This Court

cannot ignore this authoritative pronouncement in determining the breadth of Rule 52. See Broadrick v. Oklahoma, 413 U.S. 601, 618, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) (citing Law Students Research Council v. Wadmond, 401 U.S. 154, 162–163, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971)).

*Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991), held that the locality was not required to present affirmative evidence of a secondary effects motivation in order to prohibit nude dancing in adult entertainment businesses. *Id.* at 135. The Sixth Circuit went on to hold, however, that although the plaintiff's conduct of featuring nude dancing in his adult entertainment club could be prohibited by the ordinance, he had standing to bring an overbreadth challenge against the ordinance. *Id.* The Court ultimately held that the indecency ordinance had to be struck down as facially unconstitutional under the First Amendment overbreadth doctrine. *Id.*

Therefore, although Rule 52, which only regulates liquor establishments and is not of general application, does not appear to have been enacted to combat secondary effects of adult entertainment, it could arguably be properly used to prohibit topless dancing in liquor establishments given the Ohio Supreme Court's holding that topless dancing is prohibited under Rule 52. Therefore, the plaintiffs may not have standing in the traditional sense. However, this Court need not definitively resolve this issue. Even if this Court were to assume that the plaintiffs do not meet the traditional requirements of standing, plaintiffs still have the right to facially challenge Rule 52 under the First Amendment overbreadth doctrine.

■ The "overbreadth doctrine constitutes an exception to traditional rules of standing and is applicable only in First Amendment cases in order to ensure than an overbroad statute does not act to 'chill' the exercise of rights guaranteed protection." *Leonardson v. City of East Lansing*, 896 F.2d 190, 195 (6th Cir.1990) (quoting *NAACP v. Button*, 371 U.S. 415, 433, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963)). The United States Supreme Court has permitted "attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity." *Dombrowski v. Pfister*, 380 U.S. 479, 486, 85

S.Ct. 1116, 14 L.Ed.2d 22 (1965). "Litigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick v. Oklahoma*, 413 U.S. 601, 612, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). As the discussion below clarifies, this Court finds that Rule 52 contains extraordinarily vague language which could significantly compromise the exercise of legally protected expression by parties not presently before the Court.[4] Thus, the plaintiffs may facially challenge Rule 52 as unconstitutionally overbroad in violation of the First Amendment.

## B. Overbreadth Doctrine

The Supreme Court in *City of Houston v. Hill*, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), provided the following relevant elements of First Amendment overbreadth analysis:

> Only a statute that is substantially overbroad may be invalidated on its face.... "We have never held that a statute should be held invalid on its face merely because it is possible to conceive of a single impermissible application...." ... Instead, "[i]n a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct."

*Id.* at 458, 107 S.Ct. 2502 (internal citations omitted).

■ This Court finds that Rule 52 is overbroad on its face because it sweeps within its reach a *substantial* amount of constitutionally protected conduct and speech. Indeed, mere recitation of Rule 52's vague prohibitions is all that should be needed to justify this Court's finding of overbreadth. Rule 52 prohibits all liquor permit holders and their agents from knowingly allowing in, upon or about their licensed premises:

---

4. This Court discusses Rule 52's vagueness in terms of its relevance to the overbreadth inquiry, but does not reach the void for vagueness issue.

improper conduct of any kind, type or character; any improper disturbances, lewd, immoral activities or brawls; or any indecent, profane or obscene language, songs, entertainment, literature, pictures, or advertising materials; ... any entertainment consisting of the spoken language or songs which can or may convey either directly or by implication an immoral meaning.... Entertainment consisting of dancing, either solo or otherwise, which may or can, either directly or by implication, suggest an immoral act ... any lewd, immoral, indecent, or obscene literature, pictures or advertising materials.

Ohio Admin.Code § 4301:1–1–52 (emphasis added).

Rule 52 employs several extraordinarily vague terms, including "improper", "lewd", "immoral", "indecent" and "profane", without providing any explanatory definitions or limiting constructions.[5] The Supreme Court has found several of these terms and other similarly amorphous terms and phrases impermissibly overbroad or vague in various situations. *See, e.g., Reno v. American Civil Liberties Union,* —— U.S. ——, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997) (holding Communications Decency Act's prohibitions of "indecent" and "patently offensive" communication transmissions to minors facially overbroad); *Sable Communications of California, Inc. v. FCC,* 492 U.S. 115, 109 S.Ct. 2829, 106 L.Ed.2d 93 (1989) (holding Communications Act's prohibition of "indecent" telephone messages violated First Amendment); *Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972) (holding prohibition of "opprobrious words or abusive language, tending to cause a breach of the peace" unconstitutionally vague and overbroad); *Interstate Circuit, Inc. v. City of Dallas,* 390 U.S. 676, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968) (holding "suitable" for youths to be unconstitutionally vague film classification); *Holmby Productions, Inc. v. Vaughn,* 350 U.S. 870, 76 S.Ct. 117, 100 L.Ed. 770 (1955) (holding "moral and proper" and "cruel, obscene, indecent or immoral, or such as tend to debase or corrupt morals" to

be unconstitutionally vague film licensing standards); *Superior Films, Inc. v. Dept. of Education,* 346 U.S. 587, 74 S.Ct. 286, 98 L.Ed. 329 (1954) (holding "moral, educational or amusing and harmless" to be unconstitutionally vague film licensing standards); *Commercial Pictures Corp. v. Regents of University of State of New York,* 346 U.S. 863, 74 S.Ct. 104, 98 L.Ed. 374 (1953) (holding "immoral" and "tend to corrupt morals" to be unconstitutionally vague film licensing standards); *Joseph Burstyn, Inc. v. Wilson,* 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed. 1098 (1952) (holding "sacrilegious" to be unconstitutionally vague film licensing standard).

Given that the vague terms of Rule 52 not only apply to conduct, but also apply to the spoken and written word, Rule 52 *clearly* "sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments." *Grayned v. City of Rockford,* 408 U.S. 104, 115, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). For example, depending upon the particular sensibilities and morals of those currently in charge of enforcing Rule 52, the reading of poetry, the showing of a film, the singing of a song or the performance of an interpretive dance that deals with sexuality, rape, abortion or suicide may subject a liquor permit holder to the revocation of his or her permit. Similarly, owners of comedy clubs that serve alcohol may be punished for allowing comedians who use coarse language, such as Richard Pryor or George Carlin, to perform on stage. Restaurant owners who serve alcohol and also display non-obscene artwork portraying the naked human form may be subject to a penalty. The type of protected First Amendment expression that Rule 52 threatens to punish is seemingly endless. Therefore, Rule 52 is unconstitutionally overbroad, in violation of the First Amendment and must be permanently enjoined.

### III.

For the foregoing reasons, this Court finds Rule 52 unconstitutionally overbroad in viola-

---

**5.** Rule 52's use of "obscene" is not vague or overbroad in light of *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), which established a legal definition of obscenity.

tion of the First Amendment, and permanently enjoins its enforcement.

IT IS SO ORDERED.