OPINION
On February 3, 1999, a vehicle owned by appellant, Samuel Frisone, was involved in an accident. The driver of the vehicle fled the scene. Hours later, appellant's mother, Carol Martin, called the Stark County Sheriff's Department to report appellant was beaten up and his vehicle was missing. Deputies reported to Ms. Martin's residence and questioned appellant. Deputies again spoke to appellant in the ambulance. At the hospital, appellant signed a stolen vehicle report and a statement. It was later discovered that appellant was driving the vehicle at the time of the accident. On February 9, 1999, a summons was issued to appellant charging him with falsification in violation of R.C.2921.13, leaving the scene in violation of R.C. 4549.02, driving with a suspended operator's license in violation of R.C.4507.02(A)(1) and (A)(2), failure to wear a seat belt in violation of R.C. 4513.263, failure to drive in marked lanes in violation of R.C. 4511.33 and reckless operation in violation of R.C. 4511.20. On May 10, 1999, appellant filed a motion to suppress any and all statements made to the police on the night of the accident claiming they were not intelligently or knowingly made. A hearing was held on June 3, 1999. By judgment entry filed June 10, 1999, the trial court denied said motion. On June 16, 1999, appellant pled no contest to all the charges. By judgment entries filed same date, the trial court sentenced appellant to sixty days of house arrest and ordered appellant to perform seventy-five hours of community service. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO GRANT APPELLANT'S MOTION TO SUPPRESS.
 I
Appellant claims the trial court erred in denying his motion to suppress. Appellant specifically claims the trial court erred in finding he was not in custody and therefore Miranda warnings were not required. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Under Miranda v. Arizona (1966), 384 U.S. 436, statements stemming from custodial interrogations are admissible only after a showing that the procedural safeguards have been followed. "Custody" is when a defendant is taken into custody "or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning." Miranda at 478. As the case law developed, trial courts were to determine whether a reasonable person under the circumstances would think he/she was under arrest. Berkemer v. McCarty (1984), 468 U.S. 420. The custody must be under the control of the state. State v. Giallombardo (1986), 29 Ohio App.3d 279. As noted in Mathis v. United States (1968), 391 U.S. 1, it is the fact of custody, not its purpose, that controls. As Justice White wrote in Minnesota v. Murphy (1984), 465 U.S. 420, 433, "[c]ustodial arrest is said to convey to the suspect a message that he has no choice but to submit to the officer's will and to confess." In its June 10, 1999 judgment entry denying appellant's motion to suppress, the trial court found appellant "was not subject to a custodial interrogation at the time he was questioned." We concur with the trial court's findings and conclusion based upon the following facts. Deputies were called to Ms. Martin's residence following her report that appellant was beaten up and his vehicle was missing. T. at 10, 117. The deputies and an ambulance arrived at the same time. T. at 117. Deputies questioned appellant in the house and in the back of the ambulance. T. at 11-12, 47-48, 118. The deputies did not place appellant under arrest and he was free to go at any time. T. at 13. Deputy Douglas Wedman, the deputy investigating the vehicle accident, suspected the stolen vehicle claim was false and he told appellant that if he persisted in filing a stolen vehicle report, he would charge him with falsification. T. at 14. Deputy Wedman explained he did not place appellant under arrest while in the ambulance and therefore appellant was free to leave, but he would not have permitted appellant to leave because appellant was intoxicated and needed medical attention. T. at 36-37. Deputy Dennis Brown, the deputy investigating the assault/missing vehicle, talked to appellant at the hospital. Appellant told him he wanted to file a stolen vehicle report. T. at 50. Thereafter, appellant signed a stolen vehicle report form. T. at 51, 104. Deputy Brown had no firsthand knowledge of the particulars of the vehicle accident or that appellant was the suspected driver. T. at 104-105. Deputy Wedman readily admitted he suspected appellant was in fact the driver of the vehicle involved in the accident, but Deputy Brown complied with appellant's wish to file the stolen vehicle report. T. at 30, 63-64. At no time was appellant under arrest, at his mother's residence, in the ambulance or at the hospital. T. at 13, 14, 15, 40, 51, 61, 101, 103. Appellant was transported to the hospital by ambulance, treated and released. T. at 40. We find appellant was never under the impression he was under arrest given the fact he was twice removed by the paramedics from the deputies who were questioning him. Upon review we find appellant was not subject to a custodial interrogation. Based upon the lack of a custodial interrogation, Miranda warnings were not necessary. The trial court did not err in denying appellant's motion to suppress. The sole assignment of error is denied.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
By FARMER, J. HOFFMAN, P.J. and EDWARDS, J. concur.