AMANI SERVICES CORPORATION, Appellant,

v.

OHIO DEPARTMENT OF COMMERCE, DIVISION
OF LIQUOR CONTROL, Appellee.

[Cite as *Amani Serv. Corp. v. Ohio Dept. of Commerce, Div.
of Liquor Control* (2000), 137 Ohio App.3d 252.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990484.

Decided March 17, 2000.

*Abraham Law Offices, William J. Abraham* and *John A. Epling,* for appellant.

*Betty D. Montgomery,* Attorney General, and *David A. Raber,* Assistant Attorney General, for appellee.

GORMAN, Judge.

Amani Services Corporation appeals from the order of the court of common pleas affirming the Liquor Control Commission's July 29, 1998 order revoking Amani's liquor permit for "allowing improper conduct (illegal sale of crackpipes)" in violation of Ohio Adm.Code 4301:1–1–52.

In its first assignment of error, Amani contends that Ohio Adm.Code 4301:1–1–52 is unconstitutionally vague in violation of the Fourteenth Amendment's guarantee of due process. Because the conduct in this case involved a violation of R.C. 2925.14(C)(2), a second-degree misdemeanor, we apply the test identified in *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362, and reject Amani's argument that Ohio Adm.Code 4301:1–1–52 is void for vagueness.

Amani, a liquor permit holder, operated the In & Out Deli. On November 25, 1997, public safety agent Michael Miller, in the company of a Cincinnati police

officer, directed a confidential informant wearing a wire into the In & Out Deli. He heard the informant ask the clerk and owner, Sadir Hamdan, for a "crack pipe." Hamdan handed the informant a glass tube with a rose in it. The informant gave the clerk a marked $10 bill and received five dollars in return from Hamdan. The informant left the premises and handed the evidence to Agent Miller.

Agent Miller then joined police officers to obtain a warrant to search the premises of the In & Out Deli for drug paraphernalia. Upon executing the warrant and advising Hamdan of his *Miranda* rights, the officers asked him where the remaining crack pipes were located. Hamdan showed them, and the officers seized other similar glass tubes and cleaning pads commonly called "char boys," and also recovered the marked $10 bill from the cash register. Hamdan was subsequently charged with possession and sale of drug paraphernalia.

Amani argues that its vagueness challenge is bolstered by subsequent changes to Ohio Adm.Code 4301:1–1–52, which now specifies the sale of drug paraphernalia and the commission of drug-abuse offenses as prohibited activities. The version of Ohio Adm.Code 4301:1–1–52 in effect when Hamdan sold the crack pipe, however, proscribed only the following:

"No permit holder, his agent, or employee shall knowingly or willfully allow in, upon or about his licensed premises *improper conduct of any kind, type or character;* any improper disturbances, lewd, immoral activities or brawls; or any indecent, profane, or obscene language songs, entertainment, literature, pictures or advertising materials; nor shall any entertainment consisting of the spoken language or songs which can or may convey either directly or by implication an immoral meaning be permitted in, upon or about the permitted premises." (Emphasis added.)

Fundamental fairness and the guarantee of constitutionally protected conduct dictate that persons not be required to guess at their peril about the meaning and application of a law or regulation. See *Grayned v. City of Rockford* (1972), 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222, 227. In *Cincinnati v. Thompson* (1994), 96 Ohio App.3d 7, 24, 643 N.E.2d 1157, 1169, we summarized the void-for-vagueness doctrine, which is based upon the Due Process Clause of the Fourteenth Amendment:

"Under the vagueness doctrine, which is premised on the Fourteenth Amendment due-process requirement that a 'law give fair notice of offending conduct,' a statute is void for vagueness if it ' "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" * * * [or if] it encourages arbitrary and erratic arrests and convictions.' *Papachristou v. Jacksonville* (1972), 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115–116

(quoting *United States v. Harriss* [1954], 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996).

" \* \* \*

" '\* \* \* If the actor is given sufficient notice that his conduct is within the proscription of the statute, his conviction is not vulnerable on vagueness grounds, even if as applied to other conduct, the law would be unconstitutionally vague.' *Kolender, supra,* 461 U.S. [352] at 369, 103 S.Ct. [1855] at 1864–1865, 75 L.Ed.2d [903] at 917 (White, J., dissenting). Thus, the general rule is that '[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness,' *Parker v. Levy* (1974), 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439, 458, and its corollary is that a statute is not unconstitutionally vague on its face unless it is 'impermissibly vague in all of its applications.' *Hoffman Estates, supra,* 455 U.S. at 497, 102 S.Ct. at 1193, 71 L.Ed.2d at 371."

■ A greater degree of precision is required when a statute or regulation impinges upon conduct protected by the First Amendment. See *Hynes v. Mayor & Council of the Borough of Oradell* (1976), 425 U.S. 610, 620, 96 S.Ct. 1755, 1760, 48 L.Ed.2d 243, 253. Amani does not suggest that the improper conduct at issue here involves a First Amendment right, but proposes that any impropriety under the regulation must stem from R.C. 2925.14(C)(2), which states, in pertinent part:

"No person shall knowingly sell, or possess \* \* \* with purpose to sell, drug paraphernalia, if the person knows or reasonably should know that the equipment, product, or material will be used as drug paraphernalia."

The Attorney General relies exclusively on the holding in *Salem v. Ohio Liquor Control Comm.* (1973), 34 Ohio St.2d 244, 246, 63 O.O.2d 387, 389, 298 N.E.2d 138, 140, where the Supreme Court concluded that the term "improper conduct," as used in Ohio Adm.Code 4301:1-1-52, was not vague where the permit holder permitted topless dancing. However, in *Salem,* the Supreme Court did not actually conduct the analysis to determine whether the regulation was void under the vagueness doctrine. Instead, the court examined vagueness in light of the "the special 'license' relationship between the state and the permit holder," *id.,* concluding that "a legitimate interest exists in the state to compel operators of liquor premises to affirmatively maintain their businesses in conformity with the appropriate statutes and regulations." *Id.* at 248, 63 O.O.2d at 390, 298 N.E.2d at 142.

Amani urges us to reverse the decision of the common pleas court on the authority of *Record Revolution No. 6, Inc. v. Parma* (C.A.6, 1980), 638 F.2d 916, which held that the Model Drug Paraphernalia Act upon which the definition of drug paraphernalia in R.C. 2925.14 is based was unconstitutionally vague. But neither Amani nor the Attorney General recognize that *Revolution No. 6 v.*

*Parma* has twice been vacated by the United States Supreme Court because the Sixth Circuit misapplied the vagueness doctrine. The second time the United States Supreme Court vacated the decision, the case was remanded to the Sixth Circuit specifically for further consideration in light of *Village of Hoffman Estates v. Flipside Hoffman Estates, Inc.* See *Parma v. Record Revolution No. 6, Inc.* (1982), 456 U.S. 968, 102 S.Ct. 2227, 72 L.Ed.2d 840. On remand, the Sixth Circuit finally acknowledged that virtually every facial-vagueness challenge to the constitutionality of a statute or ordinance patterned on the Model Drug Paraphernalia Act must fail. See *Record Revolution No. 6, Inc. v. Parma* (C.A.6, 1983), 709 F.2d 534.

 Although vagueness and overbreadth are separate doctrines, the United States Supreme Court views them as "logically related and similar doctrines." *Kolender v. Lawson* (1983), 461 U.S. 352, 359, 103 S.Ct. 1855, 1859, 75 L.Ed.2d 903, 910; see *State v. Benner* (1994), 96 Ohio App.3d 327, 329, 644 N.E.2d 1130, 1131, fn. 1. The doctrine of overbreadth, however, relates only to First Amendment issues, and free-speech guarantees under the Ohio Constitution are no broader than those under the First Amendment. *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 525, 709 N.E.2d 1148, 1152.

Here, Amani does not assert a violation of either the First Amendment or Section 11, Article I, Ohio Constitution, and implicitly concedes that conduct that stems from the sale of a crack pipe does not impinge upon speech or expression. It does, however, cite to cases in which other courts have held that the application of Ohio Adm.Code 4301:1–1–52 is unconstitutionally overbroad with respect to topless dancing. See *Cleveland's PM on the Boardwalk, Ltd. v. Ohio Liquor Control Comm.* (Jan. 23, 1997), Cuyahoga App. No. 69779, unreported, 1997 WL 25522; see, also, *J.L. Spoons, Inc., v. Brunswick* (N.D.Ohio 1998), 18 F.Supp.2d 775; 181 F.R.D. 354.

In *Perez v. Cleveland* (1997), 78 Ohio St.3d 376, 378–379, 678 N.E.2d 537, 540 the Supreme Court observed:

"The void-for-vagueness doctrine does not require statutes to be drafted with scientific precision. *State v. Anderson* (1991), 57 Ohio St.3d 168, 174, 566 N.E.2d 1224, 1229. Nor does the doctrine require that every detail regarding the procedural enforcement of a statute be contained therein. Instead, it permits a statute's certainty to be ascertained by application of commonly accepted tools of judicial construction, with courts indulging every reasonable interpretation in favor of a finding the statute constitutional. *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 151, 446 N.E.2d 449, 450."

 The only question here is whether a person of ordinary intelligence would have fair notice that selling a crack pipe is "improper conduct." See *Cincinnati*

*v. Thompson,* 96 Ohio App.3d at 24, 643 N.E.2d at 1169. The answer is an unqualified yes. The first assignment of error is overruled.

In its second assignment of error, Amani claims that the trial court erred in finding the Liquor Control Commission's order supported by reliable, substantial, and probative evidence.

■ Pursuant to R.C. 119.12, a court of common pleas must determine whether an agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. See *Hi Rise, Inc. v. Ohio Liquor Control Comm.* (1995), 106 Ohio App.3d 151, 153, 665 N.E.2d 707, 709. The court must give due deference to the agency's resolution of evidentiary conflicts and may not substitute its judgment for that of the agency. See *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 407 N.E.2d 1265, 1267–1268.

■ This court's review is limited to determining whether the trial court abused its discretion in determining whether the agency's decision is supported by reliable, probative, and substantial evidence. See *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750–751; but, see, *Ohio Veterinary Med. Bd. v. Singh* (1998), 127 Ohio App.3d 23, 711 N.E.2d 740 (noting no justification for deference to trial court's decision, but following *Pons*).

We note in this case that while both parties cite to the proceedings before the Liquor Control Commission, the record does not contain a transcript of those proceedings. A letter of certification of the record from the commission, indicating that the transcript was attached, was journalized in the trial court's record on September 10, 1998. T.d. 7. The transcript, however, is not contained in the materials certified to this court. See App.R. 9. A copy of the one-page order of the commission revoking Amani's permit is attached as Exhibit A to its complaint.

This matter was referred by the common pleas court to a magistrate. On May 26, 1999, the magistrate filed a decision in which the last sentence purported to affirm the Liquor Control Commission's July 1998 order revoking Amani's liquor permit. T.d. 22, at 4. The decision's penultimate sentence, however, notes:

"For the above reasons, the decision of the Commission was supported by reliable, probative, and substantial evidence, and the *Commission's order to suspend the permit for a period of thirty days* is valid." (Emphasis added.) *Id.* at 3.

After receiving Amani's objections to the magistrate's decision, in a one-page entry, the common pleas court affirmed the decision on June 9, 1999. T.d. 24. The Attorney General did not file any objections.

In its brief filed in this court, Amani claims, in its recitation of the procedural posture, that the common pleas court "affirmed the Order of the Liquor Commis-

sion and ordered [that Amani's] permit be suspended for 30 days." Appellant's Brief at 2. The Attorney General's brief in response notes that the "Liquor Control Commission * * * agrees with division (a) The Procedural Posture, as written in Brief of Appellant." Appellee's Brief at 1. The Attorney General later states that this appeal is from "an order of the Commission suspending Amani Corp's liquor permit privileges for thirty days." *Id.* at 2. Neither Amani, the Attorney General, nor the trial court have availed themselves of the means provided by the appellate rules to ensure that the record certified for review "truly discloses what occurred in the trial court." App.R. 9(E).

■ Neither party to this appeal has contested the length of the penalty imposed by the trial court. Because neither party has specifically objected to the disparity between revocation and a thirty-day suspension in the magistrate's decision, that issue cannot now be assigned as error. See Civ.R. 53(E)(3).

The Appellate Rules mandate that the appellant bears the burden of showing error by reference to matters in the record. See App.R. 9(B); see, also, *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385; *State ex rel. Montgomery v. R & D Chem. Co.* (1995), 72 Ohio St.3d 202, 203–204, 648 N.E.2d 821, 822.

■ Amani argues that the glass tube that the informant purchased has lawful uses and is commonly found in retail stores. It argues that the sale was no different than one involving a tobacco pipe, a paper clip, or a spoon, which are themselves lawful, but in the hands of a purchaser may be used for an illegal purpose. Here, however, the informant specifically asked Hamdan for a "crack pipe." In response to the request, Hamdan delivered the glass tube with a rose in it. Although a glass tube is not intrinsically illegal, its sale on Amani's premises under the circumstances of this case could reasonably be considered by the agency as conclusive evidence that Hamdan realized that the purchase was for an illegal drug purpose.

Accordingly, based upon the limited record available for review, we hold that the trial court did not abuse its discretion in finding that the Liquor Control Commission's decision is supported by reliable, probative, and substantial evidence. As no party has contested the reference to the thirty-day suspension made by the magistrate and adopted by the trial court, we do not address the extent of the sanction. The second assignment of error is overruled.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

Doan, P.J., and Painter, J., concur.