[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising a sole assignment, plaintiff-appellant R. Barry Andrews appeals from the trial court's entry of judgment overruling his objections to the decision of a magistrate that because Andrews had experienced more than a four-year break in service as a peace officer, he had to retake basic training before serving as an auxiliary police officer for the village of Arlington Heights. Andrews is seeking to have his service as a private policeman with the Cincinnati Private Police Association ("CPPA") construed as service as a "peace officer."
This court's review of this matter is limited to determining whether the trial court abused its discretion in determining that the decision of the defendant-appellee, the Ohio Peace Officer Training Commission, was supported by reliable, probative, and substantial evidence. See R.C. 119.21; see, also, Pons v. Ohio State Med. Bd., 66 Ohio St.3d 619, 621,1993-Ohio-122, 614 N.E.2d 748; Amani Serv. Corp. v. Ohio Dept. ofCommerce, Div. of Liquor Control (2000), 137 Ohio App.3d 252, 258,738 N.E.2d 451.
We affirm the trial court's judgment as, under the first prong of the test enunciated in Dekta v. Leis (1989), 64 Ohio App.3d 450,581 N.E.2d 1150, Andrews's CPPA service was not as a peace officer appointed to one of the specific positions listed in R.C. 109.71(A)(1). The term "private policeman" is not included in the statutory definition of "peace officer" found in that code section. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.