[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Plaintiff-appellant Kathleen Weaver appeals from the November 20, 2001, judgment of the trial court modifying the magistrate's decision and finding that Weaver's child, adopted 12 years ago in a privately arranged adoption and now suffering from attention deficit disorder and Tourette's syndrome, was not eligible for adoption assistance benefits under the Federal Payments for Foster Care Adoption Assistance program. The trial court's decision affirmed the administrative rulings of defendant-appellee, the Ohio Department of Job and Family Services ("ODJFS"), denying Weaver's application.
{¶ 3} The Federal Payments for Foster Care Adoption Assistance program is a federally funded program of benefits intended to facilitate adoptions of children with special physical or emotional needs that make such children an unlikely candidate for adoption. See Section 670(a)(1)(C), Title 42, U.S.Code; see, also, see S. Rep. No. 96-336, reprinted in 1979 U.S.C.C.A.N. 1448, 1451, and Ohio Dept. of HumanServices v. Keene (Apr. 10, 2000), 5th Dist. No. 99-CA44. The ODJFS is the state agency responsible for determining eligibility for the program and administer federal payments for adoption assistance made pursuant to Title IV-E of the Social Security Act. See R.C. 5101.141; see, also, Sections 673(a)(1) and 671(a), Title 42, U.S.Code.
{¶ 4} An applicant is eligible for adoption assistance after the initiation of an adoption proceeding if the child is a special-needs child as defined in the Ohio Administrative Code, and if the child (1) would be eligible for assistance under a state's Aid for Families With Dependent Children ("ADC") program, see Section 601 et seq., Title 42, U.S. Code, or (2) would be eligible for benefits under the Supplemental Security Income ("SSI") program, see Section 1381 et seq., Title 42, U.S.Code. See Section 673(a)(2), Title 42, U.S. Code and Ohio Adm. Code5101:2-47-29. While Ohio Adm. Code 5101:2-47-35 provides for applications to be made after an adoption has been finalized, the SSI or ADC eligibility must exist "at the time adoption proceedings were initiated." See Ohio Adm. Code 5101:2-47-29(A)(5) and former Ohio Adm. Code 5101:2-47-31
(in effect before July 1, 2000). Only the Social Security Administration may make the determination of SSI eligibility. See Ohio Adm. Code5101:2-47-31.
{¶ 5} Although Weaver maintains that her adoptive child suffered from psychological problems at the time of birth, the evidence in the record establishes that the child's symptoms did not manifest themselves until three years after the adoption was finalized. In June 1998, Weaver applied for benefits. Following a hearing, the ODJFS hearing officer found that "[t]here is no evidence that the Social Security Administration ever determined that the [Weaver] child is eligible for SSI, nor is there any evidence that eligibility for ADC was established. Thus the criteria for [adoption assistance] has not been met." On November 3, 2000, the ODJFS completed its administrative review of Weaver's application, issued a ten-page decision, and denied adoption assistance.
{¶ 6} Weaver filed an appeal in the court of common pleas pursuant to R.C. Chapter 119. The trial court referred the matter to a magistrate. On September 27, 2001, the magistrate remanded the matter to the ODJFS for it to determine whether Weaver's adoptive daughter was eligible for SSI at the time of her adoption. ODJFS filed a timely objection to requiring a retroactive determination of SSI eligibility by a state agency. Weaver also filed objections to the magistrate's decision.
{¶ 7} The trial court held, inter alia, that to allow retroactive determination of SSI or ADC eligibility would subvert the purpose of adoptive assistance — aiding persons who knowingly adopt special-needs children.
{¶ 8} In two interrelated assignments of error, Weaver now asserts that the trial court erred by failing to adopt that portion of the magistrate's report that directed ODJFS to retroactively evaluate Weaver's SSI eligibility, and by affirming the decision of the ODJFS that she was not eligible for benefits because she was not qualified for ADC.
{¶ 9} In an appeal from the order of an administrative agency, this court's review is limited to determining whether the trial court abused its discretion in finding that the order of the administrative agency was supported by reliable, probative, and substantial evidence and in accordance with law. See Amani Serv. Corp. v. Ohio Dept. of Commerce,Div. of Liquor Control (2000), 137 Ohio App.3d 252, 258, 738 N.E.2d 451; see, also, R.C. 119.12, Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, 614 N.E.2d 748.
{¶ 10} In light of the requirement that Weaver demonstrate SSI eligibility as determined by the Social Security Administration "at the time the adoption proceeding was initiated" and of the failure of Weaver to present any evidence of that eligibility, the trial court's decision was supported by a sound reasoning process that supported its decision. This court will not disturb that decision. See AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157,161, 553 N.E.2d 597.
{¶ 11} Weaver was similarly unable to demonstrate an abuse of discretion in the trial court's ratification of the ODJFS decision that Weaver's child was not ADC-qualified. The adoption was conducted privately and not through a state agency. The record reflects good-faith efforts by the ODJFS, including review of the adoption records from the probate court, to obtain financial information about the adoptive child's minor biological parents and their grandparents to determine ADC eligibility. The assignments of error are overruled.
{¶ 12} Therefore, the judgment of the trial court is affirmed.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.